ELIZABETH CURLEY *vs.* JAMES A. McDONALD.

Suffolk.    January 20, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Contributory, In use of X-ray machine, Of dentist.  *Dentist. X-ray Machine.  Evidence*, Presumptions and burden of proof.

At the trial of an action of tort by a woman against a dentist, there was evidence that the plaintiff sat upon a stool in the defendant's office near an X-ray machine in order to have a photograph of her teeth taken; that the defendant's assistant thereupon pushed the machine from its position against the wall until it was near the plaintiff; that while it was in this position something touched her shoulder, there was a muffled report and sparks, and she was thrown from her seat and injured. The plaintiff testified that she did not know what touched her, but that

later she discovered marks on her shoulder resembling burns. There was other evidence to show that, after the assistant stepped on the switch to send current through the machine, the plaintiff jumped from her chair; that if the high tension wires on the machine were in contact with the body, a shock would result tending to impel a person out of his seat; that when the machine is operated properly there are no sparks from it; and that the plaintiff's description of the accident and her feelings were consistent with a slight electric shock. There was no evidence to show that the machine was defective. *Held,* that the questions, whether the plaintiff was in the exercise of due care, and whether the accident was caused by an act of negligence on the part of the defendant's assistant, were for the jury.

CONTRACT OR TORT against a dentist for personal injuries alleged to have been sustained through the negligent operation of an X-ray machine by the defendant's agent while making an X-ray photograph of the plaintiff's teeth. Writ dated January 12, 1925.

In the Superior Court, the action was tried before *Macleod,* J., who, at the close of the evidence, denied a motion that a verdict be ordered for the defendant. After a verdict for the plaintiff in the sum of $500, the judge, in accordance with leave reserved under G. L. c. 231, § 120, entered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*B. J. Killion,* for the plaintiff.

*R. H. Wiswall & R. S. Sughrue,* for the defendant.

SANDERSON, J. This is an action of contract or tort against the defendant, a dentist, for injuries received while the plaintiff was under treatment in his office, alleged to have been caused by negligence in management of an X-ray machine. The upright portion containing two high tension wires can be moved forward and backward to get the proper focus by means of a set screw. The power to operate it comes from an electric light socket in the wall. The operator takes the picture by stepping on a switch. A portion of the machine was exhibited to the jury. The plaintiff was advised by the defendant to have the X-ray taken and, at the request of Miss Flint, a dental hygienist employed by the defendant, sat upon a stool which was in place for the taking of an X-ray picture. Miss Flint pushed the X-ray machine from the wall until it was near the plaintiff; while

it was in this position something touched her shoulder and then there was a muffled report and sparks and she was thrown from her seat and injured.   She did not know what touched her, but later discovered a dozen or more marks on her shoulder resembling burns.

Testimony introduced by the defendant tended to prove that the plaintiff was not at any time within ten to fourteen inches of wires carrying electricity and that the accident could not have been caused by the X-ray machine.   A medical expert, called by the defendant, testified that he had examined the plaintiff and that the statements of her feelings and her description of the accident were consistent with a slight electric shock.

The testimony tended to prove that if the high tension wires on the X-ray machine were in contact with the body, a shock would result which would tend to impel the person out of his seat; that when the machine is operated properly and is in proper condition there are no sparks from it.   The operator of the machine testified that the last thing she did before taking the X-ray was to connect the current and see if the machine was acting properly; and that she had only just put her foot upon the switch when the plaintiff jumped from her chair.   There was evidence tending to prove that to guard against a patient getting a shock from high tension wires, the person operating the machine should look around the last thing after regulating it and see that the patient is well away from them.

The jury found for the plaintiff and, subject to the plaintiff's exception, the judge directed that a verdict be entered for the defendant in accordance with leave reserved under the statute.

The evidence would justify the jury in finding that the plaintiff's injury was due to an electric shock resulting from a current passing through the X-ray machine; and from the testimony that the current would not pass through that machine unless connection was made by the switch which was operated by the foot, they could have found that the current was caused to pass through the machine by the act of the defendant's agent when the plaintiff was near enough

to the high tension wires or the part of the machine through which the current passed to be injured.  There was no evidence tending to show that the machine was in a defective condition.  In our opinion the question, whether the negligence of the defendant's agent caused the accident, was rightly submitted to the jury.  *James* v. *Boston Elevated Railway,* 204 Mass. 158, 162.  *Childs* v. *American Express Co.* 197 Mass. 337, 338.  The evidence as to the plaintiff's due care also presented a question of fact.  The authority of Miss Flint to act for the defendant is not disputed.

> *Exceptions sustained.*
> *Verdict of jury as first returned to stand.*
> *Judgment for plaintiff on that verdict.*