CATHERINE I. DRAGAN *vs.* ARTISTE PERMANENT WAVE COMPANY.

Middlesex.    November 6, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Hairdresser.

Evidence of the circumstances, in which a customer of a hairdressing establishment was burned on her scalp while receiving a "permanent wave" treatment from an attendant by the use of a machine applying heat electrically which was completely in the control of the attendant, warranted a finding of negligence rendering the proprietor liable for the customer's injury.

TORT OR CONTRACT. Writ in the Superior Court dated March 14, 1938.

The case was tried before *Swift,* J., and a verdict was returned for the plaintiff in the sum of $1,000.

*V. J. Cosgrove,* (*R. S. Sullivan* with him,) for the defendant.

*C. A. Kane,* for the plaintiff.

QUA, J. The only question presented and argued is whether there was sufficient evidence of the defendant's negligence to support the verdict for the plaintiff.

The plaintiff came to the defendant's place of business for a "permanent wave." There was evidence of the following tenor: Pads with slits in them were placed over the plaintiff's hair. Locks of hair to be curled were drawn through the slits and wound around leather bound steel spindles and fastened. A piece of tin foil was put over each curl. At no time did the plaintiff come in contact with the spindles. The pads were between the spindles and the plaintiff's scalp. The spindles were then attached to the "permanent wave machine." When the electricity was turned on "there was a flash at the bottom of the machine, somewhere near the floor," where the plug goes into the socket in the wall. The plaintiff "couldn't really see" whether the flash was in the machine. All she saw was the flash. After the flash the heat was turned off, and "the barber" "fixed whatever was wrong." The "heat or electricity" was then applied for the second time. At first the heat "felt even over the plaintiff's scalp just as it did in similar treatments the plaintiff had had before." After about a minute the plaintiff felt a burn on the left side of her temple. She called the attendant, who used a "hand blower" at the spot complained of. This drove cold air on the plaintiff's scalp. It was applied three or four times and relieved the pain temporarily. "The sensation of pain from the burn revived however after each application of the blower had ceased." After about ten minutes the electricity was shut off. It was then discovered that two "locks" of hair "next to where" the plaintiff was burned were not curled. Two other spindles were applied to these two "strands," and after ten minutes more of heat they were curled.

From this evidence the jury could find that the defendant had complete control of the machine, of the method of applying it to the plaintiff's head, of the placing and arrangement of the pads and spindles, and of the turning on and off of the "heat." They could infer that a burn for which they deemed the sum of $1,000 reasonable compensation was not a normal accompaniment of a "permanent wave." They could find that the flash near the floor had no relation to what occurred afterwards, and that in any event it did not

tend to absolve the defendant from responsibility. They could find it more probable that the plaintiff's injury resulted from improper adjustment of the heating or the protective appliances or from too great or too prolonged application of heat than from some other cause not disclosed by the evidence. And they could further find that there would have been no improper adjustment or improper application of heat, if the defendant had exercised the degree of skill and care which it engaged itself to exercise when it invited the public to patronize its place of business. The case is within the authority of *Gavin* v. *Kluge*, 275 Mass. 372.

*Exceptions overruled.*