THELMAS PAPPAS *vs.* MARY L. DESMARAIS. October 30, 1941. Order for judgment affirmed. This action of tort to recover compensation for burns upon the head of the plaintiff while she was being given a "permanent wave" was referred to an auditor whose findings of fact were to be final. From an order for judgment for the plaintiff in the Superior Court the defendant appealed to this court. It appears from the auditor's findings that the plaintiff received burns upon her head as a result of the application of heat to her hair while being given a "permanent wave" by the defendant and her son, her "agent." There was "nothing the matter with the plaintiff's hair or scalp when she entered the shop" of the defendant. The "defendant or her agent were entirely in control of the apparatus and appliances used and of the way and manner in which the work was done." The auditor describes the apparatus and appliances used and the way and manner in which they were used. Such apparatus and appliances somewhat resembled those described in *Gavin* v. *Kluge,* 275 Mass. 372, 375, and in *Dragan* v. *Artiste Permanent Wave Co.* 308 Mass. 32, 33. There is no "claim . . . that the plaintiff's injuries were caused by defective apparatus or appliances." After the appliances were put in place, including attachment to an electric heater, the "heat came on almost immediately and remained constant during . . . [a] period of . . . six minutes." "About two minutes after the heat started the plaintiff complained of heat sensation in her head and pointed to three or four different parts of her head." The operator then did "something to her hair." The plaintiff made no further complaint until, at the end of the six minutes, the heat was turned off and the appliances removed from the plaintiff's hair. The burns "indicated burns from direct application of heat." It is the proper inference from the facts found that if the defendant had exercised the skill and care of persons engaged in the business of giving "permanent waves" she would have known that "if precautions were not taken to protect the plaintiff's scalp . . . her scalp would be burned" (see *Gavin* v. *Kluge,* 275 Mass. 372, 377), and would have taken such precautions. It is also the proper inference from all the facts found that she failed to take such precautions and, consequently, was negligent. While this case differs in various aspects from *Gavin* v. *Kluge,* 275 Mass. 372, and *Dragan* v. *Artiste Permanent Wave Co.* 308 Mass. 32, it is governed in principle by those decisions.

*F. P. McKeon,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.