*Northern District*
#6746

**MARIA D. MEDINA,**

v.

**CHARLES, INC.**

Argued: Sept. 25, 1968   Decided Oct. 28, 1968
*Present:*   Brooks, P.J., Connolly, Yesley, J.J.
Case tried to *Cullen, J.* in the Fourth District
   Court of Eastern Middlesex   #596 of 1966

*Brooks, P.J.   This is an action of tort* for
personal injuries sustained when defendant's
scalp was burned while she was being given a
permanent wave. The answer is general denial,
contributory negligence, assumption of risk and
statute of limitations.

█   *The evidence was substantially as fol-
lows:* Plaintiff went to defendant's beauty par-
lor for a permanent wave. The son of the presi-
dent and treasurer of the corporation was gen-
eral manager in charge of the beauty parlor.
He and another attendant undertook to give
plaintiff a permanent wave.

Her hair was washed, a lotion applied, and
the hair set. She was then put under a dryer
and heat was applied. The device for turning
on and off the heat was solely within the con-
trol of defendant's employees. Plaintiff's head
"began to burn" while under the dryer, and
she mentioned it to the general manager who
examined her scalp, took her from this dryer
and put her under another until the permanent
was completed.

Plaintiff's scalp was reddened, her head
ached, and she begain to lose her hair in
bunches. Prior to this treatment, her hair was
abundant and of fine texture.

A dermatologist called by plaintiff to testify stated that he found (presumably after the episode) that her scalp was practically bald, that the loss of hair and the burned scalp, and the headaches were causally related to the giving of the permanent wave, that thereafter it was 36 months before her hair grew back.

Defendant made the following requests for rulings:

> 1. There is no evidence to warrant a finding for the plaintiff.
>
> 2. There is evidence to warrant a finding for the defendant.

Request #1 was denied. Request #2 was allowed.

The court found as follows: "The defendant was negligent in performing its services to the plaintiff which was a permanent wave. The plaintiff's injuries were a direct result of the negligent conduct of the defendant. The court found for the plaintiff in the sum of $3600.00."

Defendant claimed to be aggrieved by the court's refusal to rule that there was no evidence to "warrant" a finding for the plaintiff.

While the docket entries present a confusing picture, the issue is perfectly clear, — namely: Was the court right in denying defendant's first request that there was no evidence to warrant a finding for the plaintiff? This was equivalent to a request that plaintiff could not recover as a matter of law. If there was any credible evidence in support of plain-

tiff, this request could not be granted. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Hartman* v. *Boston Herald-Traveler Corp.,* 323 Mass. 56, 60.

There was evidence that plaintiff's scalp was burned while plaintiff was under the dryer, that plaintiff called the attention of defendant's employee to the fact, and that the employee removed plaintiff to another dryer. Testimony indicated that plaintiff's scalp showed evidence of having been burned. A dermatologist testified that the burning was causally related to the treatment. The court found that the treatment was negligently performed and that the burning was the direct result of negligent conduct of defendant's employee.

There is no other evidence as to what could have caused the burning of the plaintiff's scalp. There was no evidence, for example, of a latent defect in defendant's equipment. Burning, under the present circumstances, could be caused either by chemicals or by heat. In this instance it certainly was open to the court to find that the cause was heat, the application of which was entirely under the control of defendant's employees.

> "The plaintiff need not exclude every possible cause for his injuries. He is only required to show a greater likelihood that his injury was caused by the defendant's negligence than by some other cause." *Jankelle* v. *Bishop Industries, Inc.,* 354 Mass. 491.

All plaintiff had to do was to show by preponderance of the evidence that the injury more likely occurred because of defendant's negligence than from any other cause. *Gilmore* v. *Kilbourn*, 317 Mass. 358. *Mucha* v. *Northeastern Crushed Stone Co., Inc.*, 307 Mass. 592, 596. *Howe* v. *Boston*, 311 Mass. 278, 280. *Ruffin* v. *Coca Cola Bottling Co.*, 311 Mass. 514, 516.

In *Dragan* v. *Artiste Permanent Wave Co.*, 308 Mass. 32 plaintiff was burned by heat. As stated on page 33:

"The only question presented and argued is whether there was sufficient evidence of the defendant's negligence to support the verdict for the plaintiff."

After reciting some of the testimony the judge went on to say:

". . . From this evidence the jury could find that the defendant had complete control of the machine, of the method of applying it to the plaintiff's head, of the placing and arrangement of the pads and spindles, and of the turning on and off of the 'heat'. They could infer that a burn . . . was not a normal accompaniment of a 'permanent wave' . . . They could find it more probable that the plaintiff's injury resulted from improper adjustment of the heating or the protective appliances or from too great or too prolonged application of heat than from some other cause not disclosed by the evidence. And they could further find that there would have been no improper adjustment or

improper application of heat if the defendant had exercised the degree of skill and care which it engaged itself to exercise when it invited the public to patronize its place of business.''

The above language seems to us very pertinent to the case before us.

To the same effect see *Gavin* v. *Kluge*, 275 Mass. 372. *Pappas* v. *Desmarais*, 310 Mass. 826. *Cowhig* v. *Cafarelli*, 318 Mass. 632. The subject is exhaustively discussed in 14 ALR2d 860 and following.

In some foreign jurisdictions the court has found the doctrine of *res ipsa loquitur* applicable and in some jurisdictions under certain circumstances plaintiff has been precluded from recovery either by contributory negligence or the doctrine of assumption of risk. Generally speaking however, other courts agree with the foregoing Massachusetts decisions.

There is an analogy between cases like the present case and cases of burning due to improper use of x-ray machines. As to this, see *Curley* v. *McDonald*, 263 Mass. 285 and cases of a similar nature in foreign jurisdictions discussed in 41 ALR2d 329 and following. **Report dismissed.**

George P. Lordan
    for the Plaintiff

Parker, Coulter, Daley & White
    for the Defendant