*Southern District*

## ROSALIE M. MESSIER

v.

## ROBERT TOMASSO d/b/a
## LA BELLE SENORITA SALON

Argued:——————. Decided: Nov. 17, 1969.

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol Nos. 25220 D.C., 24511 S.C.

*Cox, J.* This is an action of tort or contract to recover damages for injuries to the plaintiff's hair and head alleged to have been caused by the defendant's negligence in the administration of a process known as "stripping."

There was a finding for the plaintiff in the sum of $2,900.00.

The case is reported for our determination because the defendant claims to be aggrieved by the denial of the following three rulings which he requested:

"1. There is no evidence to warrant a finding for the plaintiff.

"2. There is evidence to warrant a finding for the defendant.

"3. There is no evidence of negligence on the part of the defendant".

*There was evidence that* at the time of the trial the plaintiff was forty years of age. Her hair was naturally dark brown in color and of shoulder length. She had been coloring her hair black every six months for five or six years before the incident which resulted in this action. The plaintiff, by appointment, arrived at

the defendant's shop at about half past two o'clock in the afternoon of September 2, 1965 to have her hair "frosted".

The defendant worked on the plaintiff's hair for a period of time. A young female employee continued the work on the plaintiff's hair while the defendant worked on another customer. While so employed the employee "struck the plaintiff's head with the brush". *While brushing a solution on the plaintiff's hair the employee was told by the defendant that she was doing it incorrectly.* Later, the plaintiff felt a stinging sensation on the scalp and her hair "went up in smoke". She saw and smelled smoke. The plaintiff was then taken to a sink and her head placed under a faucet. The treatment continued. Her hair was combed and set. She paid the defendant twenty-five dollars. While on her way out of the shop the defendant said to the plaintiff "I don't know what happened ...... I don't know why your hair went up in smoke".

Later that evening the plaintiff became aware of injury to her scalp and of hair breakage.

The finding for the plaintiff was warranted, based on what could have been found to have been negligence which was the probable cause of injury to the plaintiff, rather than some other cause not disclosed by the evidence. There was, therefore, no error in the denial of the defendant's requested rulings numbers 1 and 3.

The justice could find that the defendant or his employee were in complete control of the treatment of the plaintiff's hair and the way and manner in which the work was done. He could conclude that the plaintiff's hair going up in smoke "was not a normal accompaniment" of the treatment. The finding is further fortified by the defendant's statement to his employee that she was doing it incorrectly. We think this case is governed by such cases as *Dragan* v. *Artiste Permanent Wave Co.*, 308 Mass. 32. *Gavin* v. *Kluge*, 275 Mass. 372, 377. *Pappas* v. *Desmarais*, 310 Mass. 826. *Cowhig* v. *Cafarelli*, 318 Mass. 632. *Mann* v. *Mahoney*, 26 Mass. A.D., 130. [*Medina* v. *Carles, Inc.*, 19 LEGALITE 478]. As was pointed out in *Mann* v. *Mahoney*, 26 Mass. App. Dec. 130, 134, a case like the one before us is to be distinguished from "a case involving the sale of a packaged cosmetic or proprietary medicine where recovery for an injury resulting from its use must be based upon breach of warranty of merchantability. In such cases the plaintiff must prove that the product would be dangerous or harmful to a significant number of users, or that it was unfit for use by a normal person. *Casagrande* v. *F. W. Woolworth Co.*, 340 Mass. 552, *Jacquot* v. *Wm. Filene's Sons Co.*, 337 Mass. 312". See also *Harrod* v. *Edgard E. Tower Co.*, 346 Mass. 532, relied upon by the defendant. It is distinguishable. In the *Harrod* case a customer using a cosmetic known as Tiara which she blended

with bleach and hydrogen peroxide, was burned. The court held that upon the evidence (p. 533) "we can only indulge in conjecture whether the plaintiff's injury came from the Tiara, the bleach, the hydrogen peroxide or the mixture".

The denial of the defendant's request number 2, that there is evidence to warrant a finding for the defendant, was error. We cannot say that it was harmless error.

A judge is not obliged to believe even uncontradicted oral testimony. *Northeastern Malden Barrel Co., Inc.* v. *Binder,* 341 Mass. 710, 712. *Barrett.* v. *Brooks Hospital Inc.,* 338 Mass. 754, 756. *Godfred* v. *Caswell,* 321 Mass. 161, 162. In addition, and, specifically, although the judge could find that the defendant's remark to his employee that she was working incorrectly was evidence of negligence, it could also have been found that the incorrect work was not a cause of the plaintiff's injury. "Negligence . . . . . . is without legal consequence unless it is a contributing cause of the injury." *Lindgren* v. *Marraffa,* 350 Mass. 376, 378.

While a finding for the plaintiff was warranted on the evidence it was not required and that is the legal question which request number 2 raised. "If a finding for the plaintiff was not required, a finding for the defendant was warranted. The judge was therefore obliged to grant the request, and such a ruling would not be inconsistent with a finding for the plaintiff." *Godfred* v. *Caswell,* 321 Mass. 161, 162. *Hoffman* v. *Chelsea,* 315 Mass. 54, 55.

As has been pointed out, this error can be avoided by allowing a request such as number 2 and then finding the other way *Hoffman* v. *Chelsea,* 315 Mass. 54, 56-57. *Liberatore* v. *Framingham,* 315 Mass. 538, 541-542. In the case before us there were no special findings which might have rendered request number 2 inconsequential as in *Brodeus* v. *Seymour,* 315 Mass. 527, 529-530. See also *Catalucci* v. *M.B. T.A.,* 351 Mass. 360.

*As there was prejudicial error there must be a new trial.*

STEPHEN C. STRUFFOLINO

of Boston for the plaintiff,

ROBERT L. FANELL

of Boston for the defendant.