*Northern District*

No. 7145

ANN F. LINVILLE

v.

BEAUTY GARDENS OF SOMERVILLE, INC.

Argued: Nov. 19, 1969. Decided: Jan. 13, 1970

*Present:* Brooks, P.J., Connolly, Parker, JJ.

Case tried to *De Marco, J.,* in the District Court of Somerville R. 6038.

*Parker, J., This is an action of tort to recover for injuries and damages* caused by the negligence of the defendant's agent, servant or employees. The answer is a general denial, contributory negligence, and assumption of risk.

*There was evidence as follows*:

The plaintiff went to defendant's beauty salon on or about 3 October 1965. She asked for a permanent wave and was served by an employee of the defendant. A permanent wave solution was applied to her hair which was then put on curlers. The solution dripped on her neck and forehead. She complained of a burning sensation in her hair, head and upper face, and was given a magazine to fan her her hair to cool off. The substance remained in her hair for fifteen minutes to twenty minutes. When the substance was removed her hair was brittle and could not be treated into shape. After this she was placed in a hair dryer. The plaintiff had many prior permanent waves and had never felt a burning sensation before. Later that night the burning in her head became worse and the next day she made an appointment with a doctor for 9 October 1965. Her head was bleeding and weeping when she saw the doctor 9 October 1965 and the bleding and weeping continued until 20 October 1965 when she saw another doctor, whom she saw four or five times between that date and 14 March 1966. At the trial the plaintiff showed bald spots in her head for which she had bought a wig for cosmetic purposes.

The defendant seasonably made the following requests for rulings.

"1.   The evidence does not *warrant* a find-

ing that the defendant, its agents or servants were negligent.

2. The evidence does not *warrant* a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not *warrant* a finding that the negligence of the defendant, proximately caused the alleged injuries and damages.

4. On all the facts in evidence and the applicable law, there should be a finding in favor of the defendant.

5. As a matter of law, there is a variance between the pleading and the proof.''

The court denied all the defendant's requests. The defendant claims to be aggrieved by this action of the court.

The defendant did not argue orally or on his brief the question raised by the court's refusal of its request #5 and we therefor consider that the defendant has waived his appeal on this point.

The first four requests for rulings asked by the defendant and refused by the court are to the effect that on the evidence as a matter of law a finding for the defendant was required.

There was no error in the court's refusal to grant the defendant's first four requests. We are of the opinion that on the evidence the trial judge was well warranted in finding for

the plaintiff. The case is governed in principle by *Gavin* v. *Kluge,* 275 Mass. 372, 377; *Dragan* v. *Artiste Permanent Wave Co.,* 308 Mass. 32; *Pappas* v. *Desmarais,* 310 Mass. 826; *Cowhig* v. *Cafarelli,* 318 Mass. 632. (See 19 LEGALITE 478 as to liability of hairdressers. *Medina* v. *Charles,* 19 Legalite 478. *Messier* v. *Tomasso,* 20 Legalite 418. *Taylor* v. *Jacobson,* 336 Mass. 709).

There being no error *the report will be dismissed.*

ROBERT L. FARRELL
    for Plaintiff,

JOHN A. DERBA, JR.
    for Defendant.