JENNIE GRAHAM *vs.* JORDAN MARSH COMPANY.

Suffolk.     May 14, 1946. — June 4, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Sale*, Warranty.   *Proximate Cause.*

Findings, both of an express and of an implied warranty that cold cream sold by the proprietor of a store to a customer was beneficial for dry skin were justified by evidence that the customer told the proprietor's clerk that she wished the cream so that she would look well; that the clerk, after looking at her, told her that her skin was dry, and recommended as suitable and sold to her a jar of cream bearing a label that it was "dry skin cream . . . recommended in cases of prolonged dryness"; and that the customer relied on the recommendation in purchasing the cream.

Testimony by the plaintiff at the trial of an action for injuries sustained from use of cold cream sold her by the defendant under express and implied warranties that it was beneficial for dry skin, that, after application of the cream, her face became red, burned and swollen, that there was nothing wrong with her skin when she made the purchase, and that she had previously used cold cream, warranted findings that such condition of her skin following use of the cream was caused by its application and that it was unfit for use by a normal person, although her physician, called by her as a witness, testified that her condition was an "allergic dermatitis, some sensitivity to something that she came in contact with," and was not due to diabetes for which he had been treating her, and did not testify that the application of the cream caused the condition.

CONTRACT. Writ in the Superior Court dated April 17, 1944.

The case was tried before *Kirk*, J.

*I. Bernstein*, for the plaintiff.

*J. W. Lobdell*, for the defendant.

RONAN, J. This is an action of contract to recover damages for personal injuries sustained by the plaintiff from the use of cold cream purchased by her from the defendant in reliance upon certain express and implied warranties made by the defendant; and she alleges a breach of these warranties. The case is here on an exception taken to the direction of a verdict for the defendant.

Considering the evidence in the light most favorable to the plaintiff, as we must in determining the correctness of the ruling ordering a verdict for the defendant, the jury could find the following facts: The plaintiff told the defendant's clerk that, as one of her boys whom she had not seen for over three years was coming home, she wanted to look well and desired to purchase some cold cream. The clerk looked at the plaintiff's face, and told her that her skin was dry, that the clerk had something that would just suit the plaintiff, and that she would look well when her boy arrived if she would apply this cream. The label on the jar contained this legend: "Velvet of Roses, Dry Skin Cream is recommended in cases of prolonged dryness or undue exposure. Used regularly it helps give the skin a smooth, soft, pliant appearance. Apply at night. Smooth over face and throat and pat well." She relied upon what the clerk had said and purchased the cream. She had previously used cold cream only occasionally, but had not used any for three months. There was nothing wrong with her face when she bought this cream from the defendant. On the evening of the day she purchased the cream, she applied it to her face, permitting it to remain on her face for an hour and one half, when her face became red, burned and swollen. The next morning her eyes were swollen and almost closed. She applied the cream the next evening with similar results. The next day she notified the defendant that her face had been burned by the cream.

She then saw a physician who treated her. ' We need not further detail her physical injuries.

The evidence was ample, if believed, to warrant findings that the sale of the cream included an express warranty that it was beneficial for dry skin; that there was also an implied warranty, since the plaintiff disclosed to the clerk the purpose for which she desired the cream, left the selection of the cream to the clerk and relied upon her skill and judgment, that the cream was reasonably fit for the purpose intended; and that there was a breach of warranty in consequence of which the plaintiff suffered personal injuries. *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243. *Lalime & Partridge, Inc.* v. *Hobbs*, 255 Mass. 189. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163. *Rogiers* v. *Gilchrist Co.* 312 Mass. 544. *Kurriss* v. *Conrad & Co. Inc.* 312 Mass. 670.

No question is raised that it could not be found that the notice of breach of warranty was sufficient and was seasonably given to the defendant. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Morin* v. *Stromberg*, 309 Mass. 146.

The plaintiff's physician testified that her condition was an "allergic dermatitis, some sensitivity to something that she came in contact with." He testified that her condition was not due to diabetes for which he had been treating her. He did not testify that the application of the cream was the cause of the injury to the plaintiff's face. The defendant contends that the plaintiff has failed to prove that her injuries were due to the cream; that if she did, then it has not been shown that the cream was harmful to a normal person; and that whatever harm resulted was due to the peculiar susceptibility of the plaintiff's skin. The plaintiff could testify to the sensations that she experienced after she applied the cream to her face and the change in the color of her face. She testified without objection that her face had been burned by the cream. *DuBois* v. *Powdrell*, 271 Mass. 394, 397. *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135. See note, 136 Am. L. R. 1004. In any event, whatever may be the proper medical term for

the plaintiff's injury, it is clear that the jury could find that it was caused by the application of the cream.

The burden, however, was upon the plaintiff to prove that the cream was unfit for use by a normal person.  She could not prevail by showing that it was merely unfit for use by one who was constitutionally unable to use cold cream because of a supersensitive skin.  *Flynn* v. *Bedell Co. of Massachusetts*, 242 Mass. 450, 454.  *Payne* v. *R. H. White Co.* 314 Mass. 63, 65.  If the testimony of her physician that she was suffering from an allergic dermatitis indicates that her skin was unusually susceptible to cold cream, the plaintiff was not necessarily bound by his testimony although she called him as a witness.  *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205.  *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491.  *Pochi* v. *Brett, ante,* 197.  The jury could disregard his testimony and adopt as true the testimony of the plaintiff that there was nothing wrong with her skin when she purchased this jar of cold cream and that she had previously used cold cream, which use, so far as anything appears in this record, was not attended by any ill effects, and draw the inference that her skin was normal.  *Payne* v. *R. H. White Co.* 314 Mass. 63.  *Carter* v. *Yardley & Co. Ltd., ante,* 92, 94.

*Exceptions sustained.*