GEORGE U. HARROD & another vs. EDWARD E. TOWER
COMPANY.

Worcester.   October 10, 1963. — December 5, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Proximate Cause.   Evidence, Matter of conjecture.   Sale, Warranty.*

In an action against a distributor of beauty products by the operator of a
beauty shop for breach of warranty in connection with a hair coloring
cream sold by the defendant to the plaintiff, evidence merely that, fol-
lowing the instructions accompanying a bottle of the defendant's cream,
the plaintiff mixed it with hydrogen peroxide and homogenized bleach,
the origin of which was not shown, and sustained injuries to the skin of
her hands when rinsing the mixture out of a customer's hair, left it con-
jectural whether the plaintiff's injury was due to the defendant's cream,
the peroxide, the bleach, or the mixture, and a verdict was rightly
directed for the defendant.

CONTRACT.   Writ in the Superior Court dated June 29,
1960.

The action was tried before *Meagher, J.*

*Francis W. Conlin,* for the plaintiffs, submitted a brief.

*William C. O'Neil, Jr.,* for the defendant.

REARDON, J.   In this action Lucille Harrod (the plain-
tiff) seeks to recover for injury allegedly sustained by her
from the use of Bressard Tiara, a hair coloring cream,
which she purchased from the defendant in reliance upon
certain express and implied warranties which she claims
were broken.   Her husband has joined in the action in a
count for consequential damages.   At the close of the evi-
dence on motions by the defendant the judge directed ver-
dicts for the defendant on all counts, and the case is here
on the plaintiffs' exceptions to the allowance of the motions.

Evidence in the light most favorable to the plaintiffs was
as follows: Lucille Harrod operates a beauty shop in
Worcester.   On December 17, 1958, a salesman of the de-

fendant, which is a distributor of beauty products, told her of Bressard Tiara and said "it would be a boost to the customers in the shop" and that it was "Absolutely safe. Anyone could use it." She gave him an order and on March 3, 1959, for the first time employed the product on a customer after reading the instructions which accompanied each bottle. In following them she mixed a quantity (almost one-half a Tiara pep bag) with a half ounce of hydrogen peroxide and an ounce of homogenized bleach, applying this mixture to the hair of the customer. About three minutes later the customer's head commenced to sting. The plaintiff quickly rinsed and shampooed the customer's hair. While she was engaged in the rinsing process "some of the ingredients used in rinsing the customer's hair ran down under the rubber gloves she was wearing and touched her hands and arms. Immediately she felt a burning sensation. The back of her hands immediately became perforated with little holes. . . . [Her hands] became hard, cracked, swollen, and weeping. . . . Before this occasion, her skin was normal." The plaintiffs' bill of exceptions is silent on the origin of the homogenized bleach and the hydrogen peroxide. There was no evidence by way of medical testimony nor chemical analysis to support a finding that the Tiara proximately caused the plaintiff's injury. "The plaintiff was not bound to exclude every other possible cause for her . . . [infection], but she was required to show that the probable cause was the . . . [Tiara]." *Benavides* v. *Stop & Shop, Inc., ante,* 154, 158. This she manifestly has not done. Tiara, bleach, and hydrogen peroxide were mixed in a blend, and the evidence is insufficient to warrant a finding that Tiara, rather than the mixture, produced the plaintiff's difficulty. Conceding that liability might attach to a defendant if pursuant to instructions three harmless products are brought together in a mixture which causes injury, we can only indulge in conjecture whether the plaintiff's injury came from the Tiara, the bleach, the hydrogen peroxide or the mixture. See *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548,

and *Gracey* v. *Waldorf Sys. Inc.* 251 Mass. 76, 79. We agree with the defendant that *Graham* v. *Jordan Marsh Co.* 319 Mass. 690, is not apposite. The mixture of ingredients here creates conjecture not present in the *Graham* case.

*Exceptions overruled.*