CAROL A. WALSH & another *vs.* ATAMIAN MOTORS, INC. July 7, 1980. This is an action for breach of implied warranty of merchantability (G. L. c. 106, § 2-314) and for unfair and deceptive practices (G. L. c. 93A, § 2) with respect to the purchase and sale of a used automobile. The defendant appeals from the judgment for the plaintiffs, bottomed on the two prongs of their complaint.

1. It is apparent from the evidence that the plaintiffs experienced numerous and annoying problems with the four-year-old Audi with 63,000 miles of operation which they had purchased from the defendant.

---

[1] See and compare *O'Brien* v. *Dwight*, 363 Mass. 256, 279-280, 298 (1973); *Tracy* v. *Curtis*, ante 10, 27 (1980).

However, the mere fact that their car gave them trouble does not carry the day. In order for a consumer to prevail in an action for damages for breach of an implied warranty of merchantability under G. L. c. 106, § 2-314, he must demonstrate that the commodity was not "reasonably suitable for the ordinary uses for which goods of that kind and description are sold," *Mead* v. *Coca Cola Bottling Co.*, 329 Mass. 440, 442 (1952), quoted with approval in *Vincent* v. *Nicholas E. Tsiknas Co.*, 337 Mass. 726, 729 (1958), and that such defect or breach existed at the time of sale and proximately caused the damages complained of. *Harrod* v. *Edward E. Tower Co.*, 346 Mass. 532, 533-534 (1963). *Benavides* v. *Stop & Shop, Inc.*, 346 Mass. 154, 156 (1963).

While the plaintiffs were not required to exclude every other possible cause for their Audi's mechanical problems, they were required to show that the probable cause was attributable to a defect in the Audi at the time of purchase. See *Harrod* v. *Edward E. Tower Co.*, supra at 533; *Entrialgo* v. *Twin City Dodge, Inc.*, 368 Mass. 812, 813 (1975). This they have not done. The plaintiffs' failure to adduce any evidence, other than the mere occurrence of the automotive problems, to show that their automobile was defective when purchased is fatal. The judge erred in ruling that the plaintiffs established their implied warranty claim.

2. The judge also found that the defendant attempted to disclaim warranties of merchantability and performed crankshaft repairs on the Audi without first apprising the plaintiffs of the cost of labor as well as the cost of parts for such repairs, both in violation of c. 93A, § 2. As no damages resulted from these deceptive acts and practices, *Kohl* v. *Silver Lake Motors, Inc.*, 369 Mass. 795, 800-801 (1976), the plaintiffs are entitled to nothing and the judgment awarding damages must be reversed.

*So ordered.*

*Richard M. Simonian* for the defendant.
*Sean T. McGrail* (*Shirley A. Doyle* with him) for the plaintiffs.