Anne M. MAKUC, et al.,
Plaintiffs, Appellees,

v.

AMERICAN HONDA MOTOR
COMPANY, INC., et al.,
Defendants, Appellees.

John D. Makuc, Plaintiff, Appellant.

No. 86–1627.

United States Court of Appeals,
First Circuit.

Submitted Nov. 6, 1987.

Decided Dec. 17, 1987.

Louis Kerlinsky, P.C., Springfield, Mass., on brief for plaintiff-appellant.

David H. Sempert, Peter M. Durney, Douglas A. Fecteau and Cornell & Gollub, Boston, Mass., on brief for defendants-appellees.

Before COFFIN and BREYER, Circuit Judges, and CAFFREY,[*] Senior District Judge.

CAFFREY, Senior District Judge.

Plaintiff-appellant Makuc brought this suit in Federal District Court, seeking injunctive relief and damages for injuries sustained while riding a motorbike manufactured by the defendant-appellee. The complaint included counts for breach of implied and express warranties, negligent design, manufacture and failure to warn, fraudulent concealment, misrepresentation, and violation of Mass.Gen.L. ch. 93A. The plaintiff also sought certification of a class action under Mass.Gen.L. ch. 93A and Fed.

[*] Of the District of Massachusetts, sitting by designation.

R.Civ.P. 23. Prior to trial, the court dismissed the class action counts. The chapter 93A count was then tried before the court, while the remaining counts were simultaneously tried before a jury. At the close of the plaintiff's case, the court directed verdicts for the defendant on all counts tried to the jury except the counts alleging negligent design, manufacture, and failure to warn, and those alleging breach of implied warranty of merchantability. The jury returned a verdict for the defendant on all counts. The court then found for the defendant on the chapter 93A claim. The plaintiff moved for a new trial and for subsidiary findings on the chapter 93A claim. The court denied both motions. The plaintiff appeals the court's denial of these motions. Because we find the plaintiff's arguments without merit, we affirm.

## I. BACKGROUND

The motorbike the plaintiff was riding when injured was a lightweight motorcycle intended to carry a single passenger on paved roads. This particular motorbike was originally bought new in 1977 by a Mr. Gillen as a gift for his friend, Mrs. McClendon. Mrs. McClendon kept the bike at her summer residence, where she was visited in 1979 by her two grandsons, Raymond and Gordon Moss. Despite the warning on the bike, the Moss boys used the motorbike for off-road riding. They repeatedly jumped the bike over mounds of earth, lifting the bike completely off the ground. The bike was damaged as a result of this jumping. On discovering the damage and finding that the cost of repair was almost as much as the bike cost when new, Mrs. McClendon gave the bike to her yard boy, Matthew Eline. Eline made some minor repairs to the bike, and sold it to the plaintiff after driving it for approximately one month.

The plaintiff and his family testified that when he brought the bike home, they did not notice anything wrong with it. Several days after the plaintiff bought the bike, he rode the bike for the first time. The plaintiff went a short distance without event, but as he headed down a hill the motorbike began to wobble violently. The plaintiff lost control of the front wheel, which turned sideways and jammed. This threw the rear of the bike into to air, catapulting the plaintiff over the handlebars. At trial, the plaintiff's expert testified that the rear axle was found broken, and that it broke during the plaintiff's ride because of faulty design and manufacture. The plaintiff's theory was that the wobble was caused by the breaking of the rear axle.

The defendants, however, presented evidence indicating that the wobble was a result of prior abuse. The defendant's expert testified that he examined the bike after the accident, and found the frame bent and the front fork twisted. This damage was caused by a head-on collision, and not by the plaintiff's accident. In his opinion, the wobble of the bike was caused by this damage to the frame. This opinion was supported by Eline's testimony that he noticed a wobble in the bike when he owned it. The expert further testified that the rear axle broke when the rear wheel banged down during the accident. He noted that had the axle broke before the accident, the rear wheel would have locked, and the bike would have slid to a stop. There was, however, no indication on the rear tire of any skidding.

## II. DISCUSSION

### A. Admission of Testimony

The plaintiff's first point of contention is that the trial court erred in admitting certain testimony. Mrs. McClendon and Mr. Gillen both testified a mechanic told them that it would cost $325.00 to repair the damage done to the bike by the Moss boys. Mrs. McClendon also testified that she had not known prior to taking the bike to the mechanic that a bent frame was the most serious damage that could happen to a bike. The plaintiff objected to this testimony on the grounds that it was hearsay.

While Mrs. McClendon's and Mr. Gillen's testimony was hearsay, it was properly admitted under the present sense impression exception. Under this exception, a statement that is otherwise excludable as hearsay may be admitted if it describes or explains a condition, and if it was

made while the declarant was perceiving the event or immediately thereafter. Fed. R.Evid. 803(1). Insofar as the statements of the out-of-court mechanic could have had any significant impact on the jury (an impact that was not harmless), they amounted to statements that described or explained the condition of the bicycle at the very time the mechanic was engaged in examining it. Accordingly, the court was correct in allowing this testimony.

## B. *The Jury Instructions*

The plaintiff next argues that the court erred in refusing to instruct the jury on the doctrine of *res ipsa loquitor*. The plaintiff contends that if the jury chose to disbelieve the defendant's expert regarding the cause of the accident, it could infer from common knowledge that the breaking of the axle would not have happened unless the defendant was negligent. The plaintiff asserts that the jury should have been instructed accordingly, but was not.

■ Under Massachusetts law, a plaintiff is entitled to an instruction of *res ipsa* if the evidence, considered in its entirety and in a light most favorable to the plaintiff, was sufficient to allow the jury to infer that (1) the product's failure more probably than not has been caused by some negligent act attributable to the defendant, and (2) the product has not been improperly handled by the plaintiff or intermediate handlers. *Calvanese v. W.W. Babcock Co., Inc.*, 10 Mass.App.Ct. 726, 732, 412 N.E.2d 895, 900 (1980). In this case, a reasonable jury could not infer from the evidence that this accident more probably than not was caused by any negligence on the part of the defendant.

■ The plaintiff argues in essence that, based on evidence suggesting the axle was defective, the jury should be allowed to infer that the defendant's negligence more probably than not caused this accident. Based on the evidence presented, however, a jury could not infer that the accident was caused by the defective axle. A motorbike is not a simple device. Rather, it is a product consisting of a number of relatively complex working parts. This so-

phistication precludes the jury from drawing an inference of causation based on common knowledge. *Calvanese*, 10 Mass. App.Ct. at 734 n. 9, 412 N.E.2d at 901 n. 9. *Compare Coyne v. John S. Tilley Co., Inc.*, 368 Mass. 230, 331 N.E.2d 541 (1975) (allowing the jury to infer as a matter of common knowledge that a relatively new ladder would not collapse absent negligence). Therefore, expert testimony was required on the issue of causation.

The plaintiff however, did not present any expert testimony on this issue. The defendant, in contrast, presented substantial evidence that the bike had been severely abused by prior owners, and that the damage resulting from this abuse, rather than the allegedly defective axle, caused the accident. The evidence did not permit an inference that the accident was more likely than not caused by the defendant's negligence. The trial judge was correct in refusing to instruct the jury on the theory of *res ipsa*.

In addition to the *res ipsa* instructions, the plaintiff also requested instructions saying, in effect, that the jury could infer from the malfunction of the bike that it was defective, and that the plaintiff need not identify the specific defect in order to establish liability for breach of warranty. The plaintiff contends that the court erred in refusing these instructions.

In considering the plaintiff's contention, we must keep in mind that the "question on appeal is not whether an instruction was faultless in every respect, but whether the jury, considering the instructions as a whole, was misled." *Aubin v. Fudala*, 782 F.2d 280, 284 (1st. Cir.1983). Moreover, the trial judge is vested with wide discretion when charging the jury. *Harris v. United States*, 367 F.2d 633, 636 (1st Cir. 1966), *cert. denied*, 386 U.S. 915, 87 S.Ct. 862, 17 L.Ed.2d 787 (1967).

■ In breach of warranty actions, Massachusetts has adopted the principles set out in Restatement (Second) of Torts § 402A. *Hayes v. Ariens Co.*, 391 Mass. 407, 412, 462 N.E.2d 273 (1984). Under these principles, the plaintiff must show

that the product was in a defective condition when it left the defendant's possession. *Walsh v. Atamian Motors, Inc.*, 10 Mass.App.Ct. 828, 829, 406 N.E.2d 733, (1980). Often, however, a plaintiff is unable to point to the specific defect which caused the malfunction. Where there is no evidence of abnormal use, nor evidence of reasonable secondary causes which would eliminate liability of the defendant, courts have permitted the plaintiff to establish a prima facie case based on evidence of the malfunction. *See, e.g., Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306 (1976); *Greco v. Bucciconi Engineering Co.*, 283 F.Supp. 978 (W.D.Pa. 1967), *aff'd*, 407 F.2d 87 (3d Cir.1969). This view does not relieve a plaintiff from the burden of proving that the product was in a defective condition. Rather, it merely allows the plaintiff to prove the existence of a defective condition through the use of circumstantial evidence.

█ Assuming, for the sake of argument, that Massachusetts has adopted this view, the court did not abuse its discretion in refusing to give the requested instructions.[1] The instructions requested are general statements of law taken out of context. When taken out of their context, the statements imply that proof of a malfunction, standing alone, is sufficient to establish a prima facie case of breach of warranty. This is not correct. On the contrary, under Massachusetts law a malfunction in itself is not sufficient to establish a breach of warranty.[2]

In the cases cited by the plaintiff, there was no evidence of prior misuse. The circumstantial evidence eliminated all probable causes, other than a defect, of the malfunction. *See, e.g., Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306 (1976) (truck's steering froze even though all routine maintenance had been performed by the truck's only owner);

*Dennis v. Ford Motor Co.*, 332 F.Supp. 901 (W.D.Pa.1971), *aff'd*, 471 F.2d 733 (3d Cir. 1973) (steering failed in two day old truck while being driven under normal conditions).

█ In this case, however, the plaintiff has failed to eliminate other reasonable causes of the bike's malfunction. Specifically, the evidence suggests that the malfunction could equally have been due to prior abuse rather than a defect present when the bike was originally sold. As such, it would be incorrect to say that the jury could infer a defect from the malfunction. Therefore, the court did not err in refusing to give these instructions.

### C. *The Misrepresentation Counts*

The next issue is whether the court erred in directing a verdict for the defendant on the misrepresentation count. The plaintiff argues that, when a manufacturer places his goods on the market, he represents to the public that the goods are suitable for their intended use. This implied representation, the plaintiff contends, can provide the basis for a misrepresentation claim if the goods are not suitable. Therefore, the plaintiff claims, there was sufficient evidence to support a misrepresentation claim.

█ The plaintiff's argument is a novel one. In essence, under the plaintiff's view a manufacturer is liable for misrepresentation whenever a consumer establishes a breach of an implied warranty of merchantability. The plaintiff has not persuaded us, however, that this is a correct statement of the law in Massachusetts. Moreover, even if an implied warranty of merchantability could be used as the basis for a deceit action, the court's error would have been harmless since the jury found no breach of warranty.

---

**1.** The plaintiff has not cited any Massachusetts cases supporting the plaintiff's proposed instruction.

**2.** *See Harrod v. Edward E. Tower Co.*, 346 Mass. 532, 194 N.E.2d 392 (1963) (evidence that plaintiff was burned by a mixture of peroxide, bleach and hair coloring cream sold by the defendant

was insufficient to support a breach of warranty claim); *Walsh v. Atamian Motors, Inc.*, 10 Mass. App.Ct. 828, 406 N.E.2d 733 (1980) (where the only evidence produced was the fact that the auto malfunctioned, the plaintiffs failed to establish that the auto was defective when sold).

### D. *The 93A Claim*

The plaintiff next contends that the judge erred in denying plaintiff's motion for subsidiary findings on the chapter 93A claim. After the jury returned special verdicts finding that there was no breach of warranty, the judge noted, "For the record, based on the evidence this court has heard in this trial and the results of the verdict the jury has recorded, the Court finds no evidence to [award] any kind of claim pertaining to 93A violations; [I] therefore find for the defendant on all counts pertinent to it."

Rule 52 requires a court to find facts specially in all action tried upon the facts. Fed.R.Civ.P. 52. Under this rule, the judge need only make brief, definite, pertinent findings and conclusions on the contested matters. Fed.R.Civ.P. 52 Advisory Committee Notes on 1946 Amendment. The court is not required to make findings on factual matters that are either irrelevant to the dispute or are undisputed. *Nuelsen v. Sorensen*, 293 F.2d 454, 459 (9th Cir.1961); 9 *C. Wright and A. Miller, Federal Practice and Procedure: Civil*, § 2579.

 In this case, the court was not required to make specific findings of fact, since there were no facts in dispute that were relevant to the 93A claim. The plaintiff's 93A claim was founded on alleged breach of warranty and alleged failure to disclose defects. The jury, however, found specifically that there was no negligent failure to warn, and no breach of warranty. The jury's special verdicts, therefore, resolved all material, factual issues relating to the 93A claim. Since there were no other facts disputed by the parties, the judge did not err in refusing to make more specific findings.

### E. *The Class Action Counts*

The Plaintiff included in his complaint counts for class actions under Fed.R.Civ.P. 23 and Mass.Gen.L. ch. 93A.[3] The court granted the defendant's motion to dismiss the class action counts on the grounds that the plaintiff had failed to establish the existence of a class so numerous that joinder of all members was impracticable.

The plaintiff contends that the court erred in dismissing the class action counts. The plaintiff claims that he submitted an affidavit of an expert in which the expert stated that one out of every fifty Honda axles was probably defective. The plaintiff argues that this affidavit was sufficient to establish the numerosity requirement of Fed.R.Civ.P. 23(a).

We do not believe the court erred in dismissing the class action counts. The plaintiff has the burden of showing that all the prerequisites for a class action have been met. *Valentino v. Howlett*, 528 F.2d 975 (7th Cir.1976); *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir.1968). Class actions under Mass.Gen.L. ch. 93A must also meet the numerosity requirement of Rule 23. *Baldassari v. Public Finance Trust*, 369 Mass. 33, 39–40, 337 N.E.2d 701, 706 (1975). In determining whether to grant or deny a class action, the district court has wide discretion, and will not be overruled absent abuse of that discretion. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir.1985), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 938 (1986).

 We cannot say that the court abused its discretion in dismissing the class action count. If taken as true, the expert's claim that one out of every fifty axles is defective only shows that other people might have suffered the injury in the same manner as the plaintiff. After two years of discovery, though, the plaintiff was unable to provide any evidence that even one other person was injured due to a defective axle. Nor did plaintiff provide any evidence that even one other Honda axle failed. In view of this lack of similar occurrences, the court could have properly concluded that, standing alone, the plaintiff's contention as to the size of the class was purely speculative. *See Kinzler v.*

---

**3.** The class was described by the plaintiff as all persons who have purchased or been injured by a Honda moped bike which is susceptible to axle breakage and so as to cause injury to its passenger as described. In these counts, the plaintiff sought injunctive relief requiring the defendant to warn past purchasers of the alleged defect.

*New York Stock Exchange,* 53 F.R.D. 75 (S.D.N.Y.1971) (in antitrust suit, evidence as to the size of the class was speculative where the plaintiff failed to show how many people were injured as a result of the defendant's actions).

### III. CONCLUSION

Because we think that the trial court did not err in refusing to grant the plaintiff's motion for new trial and plaintiff's motion for subsidiary findings, we affirm.

AFFIRMED.