JOSE L. MORILLO *vs.* CLIPPARD INSTRUMENT LABORATORIES, INC. No. 88-P-249. March 21, 1989. *Negligence*, Manufacturer, Proximate cause. *Practice, Civil*, Summary judgment.

The plaintiff Morillo was employed on September 26, 1983, by the New England Instrument Division of Robertshaw Control Companies (NEI) to operate a stamping ("phasing") machine which was used to stamp out repetitively a Ford automobile part. On October 13, 1983, when he had been on the job for three weeks, Morillo caught part of the thumb of his right hand in the closing jaws of the machine, and for the injury he sued the defendant Clippard Instrument Laboratories, Inc. (Clippard). This company manufactured and furnished the two "MAV-3" valves installed as components of the machine which was built and maintained by NEI.

There were two recessed buttons, eleven inches apart, on the console of the machine. When the operator pressed down the buttons simultaneously, the two valves opened to release streams of air which actuated a piston that closed the jaws upon the metal piece previously inserted between the jaws by the operator. The jaws were opened by a third, solitary button.

In theory, the operation would start only with the simultaneous pressure on both buttons. However, expert opinion on the part of the defendant disclosed that one of the valves leaked air, and an expert for the plaintiff was of the opinion that with the valve in that condition, pressure on one of the buttons could actuate the piston. There was no opinion or reason to believe that the piston could be actuated when neither button was pressed. Morillo himself stated that the jaws closed as he was inserting the metal piece between them and that he was not at the time pressing either button. Nor was there any evidence that either button could be pressed down inadvertently, say by a casual movement of the body upon it.

This leaves entirely unexplained what caused the accident or, speaking more strictly, how either valve furnished by Clippard had anything to do with it.

Upon a record consisting of answers to interrogatories, depositions, and affidavits, of which the essence is given above, the judge below allowed

Clippard's motion for summary judgment in its favor. We affirm the judgment. Comparable decisions, where the party with the burden was unable to produce evidence tending to establish proximate cause, are *Swartz* v. *General Motors Corp.*, 375 Mass. 628, 632-633 (1978); *Barry* v. *Stop & Shop Cos.*, 24 Mass. App. Ct. 224, 228-229 (1987); *Kaitz* v. *Foreign Motors Inc.*, 25 Mass. App. Ct. 198, 200-201 (1987).

In this view there is no need to dwell on the further point that it was not indicated there was any condition of either valve, when supplied to NEI, which might support a claim on a theory of negligence or implied warranty, the bases of recovery asserted by Morillo. See *Walsh* v. *Atamian Motors, Inc.*, 10 Mass. App. Ct. 828, 829 (1980). See also *Carney* v. *Bereault*, 348 Mass. 502, 506-507 (1965); *Smith* v. *Ariens Co.*, 375 Mass. 620, 623-627 (1978); *Fernandes* v. *Union Bookbinding Co.*, 400 Mass. 27, 37-38 (1987).

*Judgment affirmed.*

*David J. Hart* for the plaintiff.
*Terrance J. Hamilton (Gregg S. Blackburn* with him) for the defendant.