Aguiar, J.
This appeal raises the issue of whether the court erred in granting plaintiff a judgment on implied warranty when the plaintiff signed a release of liability. We find no error.
This action stems from personal injuries the plaintiff suffered when she fell to the ground as a result of a pedal breaking on a bicycle that she had rented from the defendant. The plaintiff signed a contract disclaimer when she rented the bicycle. The contract signed by the plaintiff, though not read by the plaintiff, provides, as follows: “Lessee acknowledges that operation of the leased property entails the risk of accidental bodily injury to Lessee or Lessee’s passengers due to the inherent danger in operation of said property due to its unique design characteristics and the hazardous travel conditions due to sandy surfaces (as an example of one type of hazardous condition) present on Nantucket. Lessee assumes complete and sole risk for all injuries incurred by Lessee or Lessee’s passengers as a result of operation of the leased property whether or not said injuries are claimed to be or caused by or due to the negligence or inadvertence of the Lessor, its agents. employees or servants.”
The evidence showed that upon inspection of the bicycle following the accident, the plaintiff noticed a large amount of rust on the exterior of the pedal which had broken off of its armature.
Count I of plaintiffs complaint made general allegations of defendant s negligence, and Count II sought recovery for defendants alleged breach of implied warranty. After trial, the Court entered Judgment for the plaintiff on both Counts I and II.
Nothing within the contract terms released the defendant from any implied warranties, including the implied warranty of fitness for a particular purpose.
The defendant did not raise any issue as to the effect of the contract on the implied warranties arising under its terms, including the implied warranty of fitness for the reasonable use of the bicycle by the plaintiff.
Implied warranties of merchantability and fitness for intended purpose are applicable to contracts for sale or lease of goods. Mason v. General Motors Corp., 397 Mass. 183, 189 (1986); M.G.L.A. c. 106, section 2-318.
Implied warranties of merchantability and fitness for a particular purpose, where not specifically excluded by contract, are therefore included. M.G.L.c. 106, section 2-316. It is a breach of an implied warranty of merchantability if goods, like here, are not “reasonably suitable for the ordinary uses for which goods of that kind” are leased “and that the defect existed at the time of’ the lease and “was the proximate cause of Plaintiff’s injuries.” Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1989); Mead v. Coca Cola Bottling Co., 329 Mass. 440, 442 (1952). Implied warranty of fitness for its intended purpose applies where the lessor *134 (seller) “has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller’s skill or judgment to select or furnish suitable goods.” Fernandes v. Union Bookbinding Co., Ionics, Inc., 400 Mass. 27 (1987). Such is a question of fact and, as such, clearly the Trial Court’s Findings and Judgment should not be overturned unless “clearly erroneous.” Mass. R. Civ. E, Rule 52A; Zuckerman v. Blakely, 3 Mass. App. Ct. 685 (1975).
Clearly, plaintiff relied upon defendant’s employee’s selection as to what bike she would receive and had no say in its selection. The bike didn’t function in its intended manner, and plaintiff’s injuries were proximately caused by the bike’s failure.
Nothing within the contract or within their dealings excluded or limited these warranties and, as such, they are enforceable against this defendant. The defendant is, in fact, prohibited by law from limiting these warranties where, as here, the bicycle was used by an ordinary consumer. (M.G.L.c. 106, section 2-316A)
There was ample evidence for the trial judge to find that the bicycle leased was not reasonably suitable for the ordinary uses for which goods of that kind and description are leased, that the rust on the pedal was a defect, that that defect existed at the time of the lease, and that that defect proximately caused the damages complained of.
The implied findings by the trial court of these facts were not clearly erroneous and should not be overturned.
Since we find that there was no error on the issue of implied warranty pertaining to a judgment for the plaintiff on Count II, it is not necessary for us to decide the issues of alleged negligence of the defendant or the effect of the alleged release of liability pertaining to Count I.
The Report is hereby dismissed, and judgment is affirmed.