Silva v. Nat'l Telewire Corp.          CV-99-219-JD   09/22/00
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Michael S. Silva

      v.                                Civil No. 99-219-JD
                                        Opinion No. 2000 DNH 197
National Telewire Corp.,
d/b/a Priority Service Network


                          O R D E R


     The plaintiff, Michael S. Silva, brought suit under the Fair

Debt Collection Practices Act, 15 U.S.C.A. § 1692, et seq.,

alleging that the defendant sent letters to collect past due

accounts for Sears and Roebuck, Inc., in violation of the Act.

The plaintiff has moved to certify a class of all persons with

New Hampshire addresses to whom the defendant sent collection

letters during the year prior to the date of filing this suit.

The defendant objects to class certification.  In addition, the

defendant moves to compel the plaintiff to accept its offer of

judgment and to dismiss the case.

     In the complaint, the plaintiff alleges, on behalf of

himself and a proposed class, that the defendant sent debt

collection letters without a proper validation notice, in

violation of 15 U.S.C.A. § 1692g(a), and that the letters implied

a false sense of urgency, in violation of § 1692e and §

1692e(10).  The plaintiff seeks a declaratory judgment that the

defendant's letter violated the Act, statutory damages pursuant

to § 1692k, and attorneys' fees, expenses, and costs.  The plaintiff also seeks certification of a class of persons with New Hampshire addresses who were sent the defendant's letter.

A.    Motion to Dismiss Pursuant to Offer of Judgment

The plaintiff filed a motion to certify the proposed class on April 10, 2000.  While the certification motion remained pending, the defendant sent the plaintiff an offer of settlement, pursuant to Federal Rule of Civil Procedure 68.  The defendant offered "the sum of $1,000.00 to plaintiff, Michael Silva, plus, in accordance with 15 U.S.C. § 1692k(A)(3), the costs of the action, together with reasonable attorneys' fees as determined by the Court incurred up through the date of this offer."  Def. Ex. 1.  The plaintiff interpreted the offer to be an offer to each member of the class and accepted the offer on behalf of the class.  The defendant then filed an objection to the plaintiff's acceptance on behalf of the class and a motion to compel the plaintiff to accept the offer only as to himself and to dismiss the case.

Because the proposed class has not yet been certified, there is no existing class on whose behalf the plaintiff could accept an offer of judgment, if such had been made.  See Fed. R. Civ. P. 23(c)(1).  On the other hand, it would be inappropriate to compel the plaintiff to settle his individual claim against the

2

defendant while the issue of class certification is pending. See, e.g., <u>Greisz v. Household Bank, N.A.</u>, 176 F.3d 1012, 1015 (7th Cir. 1999); <u>Ambalu v. Rosenblatt</u>, 194 F.R.D. 451, 453 (E.D.N.Y. 2000); <u>Caston v. Mr. T's Apparel, Inc.</u>, 157 F.R.D. 31, 32-33 (S.D. Miss. 1994). Therefore, as the plaintiff's claim was not resolved by the defendant's offer of judgment, a live controversy remains in the case, and the defendant's motion to dismiss is denied.

B. <u>Class Certification</u>

Federal Rule of Civil Procedure 23(a) "states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class)." <u>Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815, 827 n.6 (1999) (quotation omitted). If the threshold requirements are met, the moving party must then establish that the class may proceed under at least one of the provisions of Rule 23(b)(1)-(3). The plaintiff, as the moving party, bears the burden of showing the requirements for class certification are met. <u>See</u> <u>Makuc v. American Honda Motor Co., Inc.</u>, 835 F.2d 389, 394 (1st Cir. 1987).

3

The plaintiff moves to certify a class described as follows:

> (i) all persons with addresses in New Hampshire (ii) to whom defendant National Telewire Corp. d/b/a Priority Service Network sent letters in the form represented by Exhibit B (attached to the Complaint), (iii) which letters were not returned as undelivered by the Post Office, (iv) in connection with attempts to collect debts which are shown by Defendant's records to be primarily for personal, family, or household purposes, e.g. Sears bills, (v) during the one year period prior to the date of filing of this action.

The plaintiff seeks to maintain the class described above, subject to the modified time period, under both Rule 23(b)(2) and 23(b)(3).

1.  Numerosity

The plaintiff has learned through discovery that 800 Sears accounts with New Hampshire addresses were placed with the defendant in the relevant time frame, between May 20 and June 22, 1998.[1]  The defendant challenges that number, relying on the affidavit of the president of National Telewire Corporation, Stanley H. Broder, who states that based on his experience in the business, about 30% to 40% of the debt collection letters sent out would have been returned as undeliverable.  In addition, Broder states that on average only about 25% of the people who received a letter would call the telephone number provided.

_____

[1]The plaintiff filed suit on May 19, 1999.  It is undisputed that the defendant stopped sending the challenged debt collection letters on June 22, 1998.  Therefore, the applicable period is May 20 - June 22, 1998.

4

Based on those statistics, the defendant contends that about 520 people would have received its debt collection letters in the relevant time period and only 130 would have called the number provided. The defendant argues that 130 is too few to satisfy the numerosity requirement.

Contrary to the defendant's view, the proposed class includes all persons whose letters were sent to addresses in New Hampshire and were not returned as undeliverable. The proposed class, as alleged in the complaint, is not limited to those who actually called the number.[2] Absent the calling limitation, the defendant does not dispute that the class could number as many as 520 people. Even with the defendant's calling limitation, the class would be at least 130. Given that range of numbers, the court finds the proposed class to be sufficiently numerous that joinder of all members would be impracticable.

---

[2]The defendant argues that the plaintiff can only verify that potential class members received the letter by showing that they called the number provided in the letter. The defendant's view does not conform to the complaint, nor does the defendant explain why other possible means of verification, such as by responses from contacted potential class members for example, would not provide appropriate verification. See, e.g., Talbott v. GC Servs. Ltd. Partnership, 191 F.R.D. 99, 103 (W.D. Va. 2000).

2.  Commonality, typicality and adequacy of representation.

The requirements of commonality, typicality, and adequacy tend to merge so that they are often analyzed together to determine "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 158 n.13 (1982). The adequacy requirement also raises issues about the competence of counsel and conflicts of interest that must be addressed separately. See id.

In this case, the plaintiff's and the class's claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the Act. The plaintiff and the class allege the same causes of action, brought under the same statutes, and seek the same relief. The defendant's argument that some potential class members might seek actual damages in addition to the statutory damages claimed in the complaint is not persuasive.

The Act does not require proof of actual damages for an award of statutory damages. See Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998). As pled, the complaint seeks only statutory damages and a declaratory judgment. Even if an issue as to actual damages were to arise, the defendant has not shown that the plaintiff would be unable to represent a class seeking actual

6

damages.  See id. at 593-94; see also Macarz v. Transworld Sys., Inc., 193 F.R.D. 46, 50 (D. Conn. 2000).  Therefore, the proposed class members share common questions of law and fact, and the claims of the representative plaintiff are typical of those of the class.

The plaintiff's counsel is experienced in class action suits as demonstrated by counsel's affidavit.  See also, e.g., Talbott, 191 F.R.D. at 105 ("Talbott's counsel [same as plaintiff's counsel in this case] is experienced in consumer class action litigation.").  The defendant does not object to the qualification of counsel or the adequacy of the plaintiff's representation of the class.  The plaintiff has provided sufficient evidence that he and his counsel will fairly and adequately protect the interests of the class in this litigation.

3.  Rule 23(b)(2) class.

The plaintiff moves to maintain a class action under Rule 23(b)(2) to seek a declaratory judgment that the defendant's debt collection letter violated the Act.  Rule 23(b)(2) applies to a class in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  In this case, as noted above, the plaintiff alleges that the defendant sent the same debt collection letters to each member of

the proposed class resulting in the same violations of the Act. The plaintiff seeks a declaratory judgment that those letters, a sample of which is appended to the complaint, violate the Act. The defendant's actions are generally applicable to the class and would be susceptible to a declaratory judgment.

The defendant objects to maintaining the class under Rule 23(b)(2) because it has stopped sending the debt collection letters that are the subject of this suit. The defendant argues that because it stopped sending the letters, the question of whether its actions were illegal is moot. An action is moot when no case or controversy exists because the parties no longer have a legally cognizable interest in the determination of the question. See, e.g., City of Erie v. Pap's A.M., 120 S. Ct. 1382, 1390 (2000). Since the defendant has not conceded the illegality of its collection letters or satisfied the claims for relief brought by the class, the parties continue to have an interest in resolving the question of whether the letters violated the Act.

Nevertheless, it is apparent that the plaintiff primarily seeks money damages, not declaratory relief. A Rule 23(b)(2) class action is generally inappropriate where an award of money damages is the primary focus of the litigation. See, e.g., Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 269 (5th Cir. 2000); Lyles v. Rosenfeld Attorney Network, 2000 WL 798824, at *7 (N.D. Miss. May 17, 2000); Rothwell v. Chubb Life Ins. Co., 191

8

F.R.D. 25, 29 (D.N.H. 1998). Because the plaintiff's request for damages clearly predominates over the request for a declaratory judgment, it is not appropriate to certify the class under Rule 23(b)(2).

4. Rule 23(b)(3) class.

The plaintiff also moves to maintain the class under Rule 23(b)(3), which permits a broader remedy, on the grounds that the class's common questions of law or fact predominate over questions affecting only individual class members and that a class action is superior to any other means to adjudicate the controversy. The standardized nature of the defendant's conduct satisfies the requirement for common questions of law or fact. See, e.g., Talbott, 191 F.R.D. at 105. To the extent that the defendant argues that class members seeking actual damages would have individual claims that would predominate over the common claims, the damages issue has not yet been raised in this case. If a question as to individual claims for actual damages were to arise in this case, the court can better address the question at that time in the context of the class as a whole. See, e.g., Chisholm v. TransSouth Financial Corp., 194 F.R.D. 538, 557-58 (E.D. Va. 2000).

The members of the proposed class share factual and legal issues that predominate over any individual issues. A class action is a superior means to resolve the claims alleged.

9

The plaintiff has satisfied the prerequisites of Rule 23(a) and demonstrated that a class may be maintained pursuant to Rule 23(b)(3). Because the defendant stopped sending the debt collection letters, which are the subject of this suit, on June 22, 1998, the time period applicable to the class is between May 20 and June 22, 1998. In addition, the claims appear to be limited to collection letters sent on Sears accounts. Therefore, the plaintiff's motion to maintain a Rule 23(b)(3) class is granted as to the following class:

> (i) all persons with addresses in New Hampshire (ii) to whom defendant National Telewire Corp. d/b/a Priority Service Network sent letters in the form represented by Exhibit B (attached to the Complaint), (iii) which letters were not returned as undelivered by the Post Office, (iv) in connection with attempts to collect debts for Sears bills which are shown by Defendant's records to be primarily for personal, family, or household purposes, (v) during the period between May 20 and June 22, 1998.

The parties shall submit a joint statement as to how notice will be provided in compliance with Rule 23(c)(2) on or before **October 2, 2000.** In the event the parties are unable to agree on a joint statement, each shall submit its own statement, on or before the same date, explaining the failure to agree and providing for notice in conformity with Rule 23(c).

10

## Conclusion

For the foregoing reasons, the defendant's motion to compel
and to dismiss (document no. 32) is denied. The plaintiff's
acceptance of the offer of judgment on behalf of the class is of
no legal effect. The plaintiff's motion to certify the proposed
class (document no. 27) is granted on the terms provided in this
order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 22, 2000

cc:  Christopher J. Seufert, Esquire
     O. Randolph Bragg, Esquire
     Walter D. LeVine, Esquire
     Jeffrey B. Osburn, Esquire

11