Merrick, J.
On November 18, 2007, plaintiff Jacqueline M. Miller (“Miller”) purchased a motor vehicle from the defendant, J and Q Automotive, Inc., d/b/a Sullivan Bros. Toyota (“Sullivan Bros.”), to be used by her son, plaintiff Mathieu T. Miller (“Mathieu"). She paid $3,525.00 for the vehicle, a 1999 Toyota Corolla with 150,337 miles on the odometer. The salesman told Miller that “[w]e know the vehicle,” that it was “a good car, with a nice, clean engine,” and that she “shouldn’t worry about the car.” When Miller asked to have a third-party service person examine the car, she was told that Sullivan Bros, had just done an inspection and that the car was in very good condition. However, when Miller inquired about a warranty, and even offered to pay extra for one, the salesman said Sullivan Bros, would not make any warranties because of the mileage on the car.
The sales terms were set forth on a written contract form that included (on the back) a warranty of merchantability. Before the contract was signed, Sullivan Bros, noted in large handwritten print in capital letters on the front “VEHICLE AS IS NO WARRANTY." Sullivan Bros, then had Miller sign the contract form near the notation.
Mathieu operated the car without incident until January 3, 2008, when it broke down. The car had not been serviced and had been operated for an additional 2,908 miles since the purchase, bringing the total to 153,245 miles. Oil had leaked out of the engine, causing it to seize. The car required a new engine, which Sullivan Bros, offered to install at cost. Miller demanded a refund and payment of her insurance and towing costs. After sending a G.Lc. 93A demand letter to Sullivan Bros., the Millers commenced this lawsuit on June 5, 2008. The complaint alleged in count 1, breach of contract, in count 2, violation of G.L.c. 93A, in count 3, breach of the war *42 ranty of merchantability, and in count 4, misrepresentation.
Summary judgment was entered for Sullivan Bros., and the Millers have appealed that ruling.
1. The claims for breach of contract and breach of the implied warranty of merchantability depended entirely on the Millers’ assertion that a knowing breach of the contract or the warranty may be inferred solely from the fact that the engine on a nine year old car with 150,337 miles on it failed after traveling an additional 2,908 miles in six weeks. As to the breach of contract claim, it is asserted, indeed complained of, by the Millers that there were no express warranties, that the car was sold “as is.” No express warranties existed to be breached.
A breach of the implied warranty of merchantability requires proof that the vehicle was defective at the time of sale, and the mere later appearance of a defect is not such proof. Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980) (“plaintiffs’ failure to adduce any evidence, other than the mere occurrence of the automotive problems, to show that their automobile was defective when purchased is fatal” to breach of implied warranty of merchantability claim). “Recovery for breach of an implied warranty of merchantability in the sale of a vehicle requires proof that it was not fit for the ordinary purposes for which an automobile is generally used and that the defect existed at the time the vehicle was sold or leased.” Ron Bouchard’s Auto Serv., Inc. v. Donna M. Godfrey Trust, 2005 Mass. App. Div. 125, 128. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 708 (1991) (“[T]he plaintiff would be unable to prevail against ... defendant at trial without proving that the alleged defect... was present when that defendant last had possession of the vehicle.”) . Summary judgment was properly granted on the breach of contract and warranty of merchantability claims.
2. Although their pretrial memorandum indicated that no expert witness was likely to be called, the Millers suggested at the summary judgment motion hearing that they could call as experts the individuals who looked at the vehicle in January, 2008 (and might, one could only speculate, venture an opinion on the subject of the condition of the vehicle when it was sold). There was no affidavit from, or about, an expert. One would have been required in the circumstances. Kourouvacilis, supra at 710-711.
Sullivan Bros.’ summary judgment motion was heard on December 22, 2009, seven months after this action was commenced, after completion of discovery and a November 21,2008 pretrial conference, and nearly a year after the potential experts examined the vehicle. A trial was already scheduled in February, 2009. No request under Mass. R. Civ. R, Rule 56© for a delay, supported by an affidavit, was filed by the Millers. In the absence of an excuse for nonproduction of an affidavit, no postponement of summary judgment need have been granted. See Alphas Co. v. Kilduff 72 Mass. App. Ct. 104, 110-111 (2008).
3. The misrepresentation, specified in the complaint as required by Mass. R. Civ. R, Rule 9(b), is that employees of Sullivan Bros, told the Millers “that the defendant ‘knew the vehicle’ and that the car was ‘a good car with a nice clean engine, and that the plaintiffs ‘shouldn’t worry about the car’” (punctuation error in original). “A statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment.” Zimmerman v. Kent; 31 Mass. App. Ct. 72, 79 (1991). The statements alleged are not sufficient to support a cause *43 of action for misrepresentation. And, again, summary judgment could be defeated only by some evidence that any defects existed at the time of the sale.
4. Based on the Millers’ failure to demonstrate the existence of any genuine issues of material fact on their claims for breach of contract, breach of implied warranty, and misrepresentation, Sullivan Bros, argues that their claim under G.L.c. 93Amust fail as well. However, the Attorney General’s regulation in 940 CMR 5.04(15) provides:
It is an unfair or deceptive act or practice for a dealer to use any words or phrases in connection with the retail sale of motor vehicles purchased primarily for personal, family or household purposes, which limit or imply a limitation on the implied warranties of merchantability and fitness for a particular purpose, including such phrases as ‘as is,’ ‘with all faults,’ and ‘50/50 warranty’ (emphasis added).
While the contract included a printed statement of the warranty of merchantability and it may be that the entry “VEHICLE AS IS NO WARRANTY” was intended to be a disclaimer of only any express warranties, the regulation includes the very words among those “which limit or imply a limitation” on the implied warranties. Thus, pursuant to 940 CMR 5.04(15), Sullivan Bros, handwritten disclaimer of any warranty constituted an unfair and deceptive act in violation of G.L.C. 93A
It is difficult to imagine what the damages might be from the violation and whether they should be doubled or trebled. Since Sullivan Bros, admits, indeed insists, that it used the words “as is,” the attorney’s fees to prove the violation should not be substantial and would not include the cost of attempting to prove that Sullivan Bros, breached its contract or the warranty of merchantability.
Summary judgment for the defendant on counts 1,3, and 4 is affirmed. Summary judgment for the defendant on count 2 is reversed, and the action is returned to the Barnstable Division of the District Court Department for the assessment and award of damages to the Millers on count 2. Neither party is to have appellate costs.
So ordered.