SUZETTE FONTAINE COLLINS, administratrix,[1] & another,[2] *vs.* SEARS,
ROEBUCK AND CO. No. 90-P-1012. January 2, 1992. *Warranty. Sale*,
Warranty. *Proximate Cause. Negligence*, Manufacturer.

The plaintiffs purchased an electric dryer from the defendant, Sears
Roebuck and Co. (Sears), in August of 1979. Sears installed the dryer in a
Connecticut residence. The dryer was manufactured by Whirlpool Corp.
(Whirlpool), a defendant below. In 1981, the plaintiffs moved to Spring-
field, and the dryer was installed in the plaintiffs' new home. On the eve-
ning of February 18, 1982, a fire occurred destroying the plaintiffs' home
and personal property. The dryer had been in use earlier in the evening.

The plaintiffs brought suit to recover their loss, alleging negligence on
the part of Whirlpool in manufacturing the dryer and breach of warranty
of merchantability on the part of Sears with respect to the dryer. Trial
commenced in the Superior Court, and both defendants moved for directed
verdicts at the close of the plaintiffs' case. The judge allowed only Whirl-
pool's motion. At the close of all the evidence, Sears moved again for a
directed verdict, but the motion was denied. The case was submitted to the
jury in the form of special questions asking, first, whether there was a
breach of the implied warranty of merchantability by Sears when the
dryer was sold and, if so, whether there was a causal relationship between
that breach and the fire. The jury answered both questions "yes." Dam-
ages were stipulated by the parties, and judgment was entered for the
plaintiffs against Sears. Sears' subsequent motion for judgment notwith-
standing the verdict was denied.

Sears raises two issues on appeal: the sufficiency of the evidence of
breach of warranty to sustain the verdict, and the alleged inconsistency
between the ruling allowing Whirlpool's directed verdict motion and the
rulings on Sears' motions. We affirm the judgment.

1. To prevail on their theory that Sears committed a breach of implied
warranty of merchantability under G. L. c. 106, §§ 2:314-2:318, the plain-
tiffs had the burden of showing that a defect existed in the dryer at the
time of sale. See *Fernandes* v. *Union Bookbinding Co.*, 400 Mass. 27, 37
(1987); *Walsh* v. *Atamian Motors, Inc.*, 10 Mass. App. Ct. 828, 829
(1980). The evidence on that point, which we examine in the light most
favorable to the plaintiffs, included the following. Before the fire, the
plaintiffs had not experienced any problems with the dryer. William Mc-
Carthy, an expert in determining origins of fires, testified that the fire

---

[1] Of the estate of George C. Fontaine, Jr.

[2] Gordon Barker. We refer to Barker and the deceased, Fontaine, collectively as
"the plaintiffs."

started directly behind the dryer. John Malcolm, Jr., an expert in electrical systems, testified that the probable cause of the fire was the electrical system within the dryer. He based that opinion essentially on two facts: that two wires found inside the dryer after the fire were brittle and hard, indicating that they had been subjected to heat close to 2,000 degrees; and that the electrical system was the only source of ignition in the dryer.

In contending that the plaintiffs' burden was not met, Sears points out two problems with the plaintiffs' evidence. First, Sears points out that the dryer was sold two and a half years before the fire and was moved and reinstalled during that period. Second, Malcolm was unable in his testimony to pinpoint the exact defect within the dryer's electrical system. Acknowledging that those problems affect the weight of the plaintiffs' case, we conclude, nevertheless, that the evidence was sufficient to warrant an inference on the jury's part that some defect in the electrical system, present at the time of sale, caused the fire.

There was no evidence that the electrical system enclosed within the dryer was ever touched or worked on after the plaintiffs purchased it. It was reasonable to infer, therefore, that the electrical system was in the same condition at the time of the fire as it was in at the time of sale. Further, it was sufficient for Malcolm to link the fire to the electrical system generally without being specific as to the exact defective part. Given the damage done to the dryer by the fire, greater specificity was probably not possible. In any event, we are not aware of any precedent generally requiring a higher degree of specificity in the circumstances. See *Hunt* v. *Perkins Mach. Co.*, 352 Mass. 535, 541 (1967) (continued smoking of marine diesel engine sufficient proof of breach of warranty of merchantability). Compare *Walsh* v. *Atamian Motors, Inc.*, 10 Mass. App. Ct. at 829 (mere occurrence of automotive problems not sufficient.)

2. Sears contends that if the judge was correct in ruling that there had been an insufficient showing of negligence on the part of Whirlpool, it was inconsistent for him to rule that there was sufficient evidence of a breach of warranty by Sears. We do not consider the propriety of the directed verdict for Whirlpool on the negligence theory because that issue is not before us. Even assuming the ruling to have been proper, there was no inconsistency. There may be a breach of warranty with respect to a particular product even if there has been no negligence in its manufacture or design. See *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 61-62 (1988).

*Judgment affirmed.*

*Order denying motion for judgment notwithstanding the verdict or for new trial affirmed.*

*Pamela Rollins* for the defendant.
*Frank Yesu* for Gordon Barker.