# United States Court of Appeals
## For the First Circuit

No. 02-2531

MIRIAM SANTOS and KAREN BRIDGEFORTH,

Plaintiffs, Appellees,

v.

SUNRISE MEDICAL, INC. and SUNRISE MEDICAL HHG, INC.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Lipez, and Howard,
Circuit Judges.

Joseph J. Leghorn, with whom Nixon Peabody LLP and Bart Heemskerk were on brief, for appellants.
Terry M. Ford, with whom Frank R. Saia and Saia Law Office were on brief, for appellees.

December 12, 2003

**HOWARD**, <u>Circuit Judge</u>.  Defendants Sunrise Medical, Inc. and Sunrise Medical HHG, Inc. (collectively, "Sunrise") challenge a jury verdict in favor of two certified nurse assistants who were injured at a Massachusetts nursing home while using medical equipment manufactured by Sunrise.  Sunrise contends that the district court erred in denying Sunrise's motions for judgment as a matter of law and for a new trial.  We affirm.

## I.

On July 1, 1999, Miriam Santos and Karen Bridgeforth were injured while using a hydraulic Hoyer lift manufactured by Sunrise to transfer a nursing home resident from her bed to her wheelchair.[1]  While the plaintiffs were transferring the patient, the lift began to tip.  The plaintiffs suffered neck and back injuries in attempting to prevent the patient, who weighed approximately 210 pounds, from falling to the floor.

In December 2000, the plaintiffs brought the underlying diversity action against Sunrise, asserting claims for negligence, failure to warn, breach of the implied warranty of merchantability, and violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A").  The case was tried before a jury in July 2002.  At trial, Santos and Bridgeforth described the

---

[1]The Hoyer lift has a metal frame supported by a U-shaped base that can be positioned under a patient's bed.  The patient is secured in the lift by a harness attached to a boom at the top of the frame.

accident and their resulting injuries.  In addition, they called a mechanical engineer, Richard Montefusco, who testified that the lift was defective because the locking mechanism of the adjustable base had a tendency to get "hung up" or to disengage if the lift was moved, allowing the legs of the base to close and the lift to tip.

At the close of the plaintiffs' case, Sunrise moved for judgment as a matter of law, alleging, inter alia, that Santos and Bridgeforth had failed to establish a prima facie case against Sunrise under any theory of liability.  The district court granted the motion in part, disposing of the failure-to-warn counts.  At the close of all the evidence, Sunrise unsuccessfully moved again for judgment as a matter of law.  The remaining claims for negligence and breach of warranty were submitted to the jury.[2]  By special verdict, the jury found Sunrise liable on both counts, awarding $600,000 to Santos and $450,000 to Bridgeforth.  Sunrise renewed its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), and moved, in the alternative, for a new trial. The district court denied the motions.  This appeal followed.

---

[2]The Chapter 93A claims, which were not subject to resolution by jury trial, see Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F.2d 1049, 1066-67 (1st Cir. 1985), were dismissed in September 2002 on the ground that the demand letter sent to Sunrise provided inadequate notice of the plaintiffs' claims.

**II.**

Sunrise contends that the plaintiffs failed to prove a prima facie case of negligence or breach of warranty. Challenging the district court's failure to enter judgment as a matter of law, Sunrise argues that no reasonable jury could have reached a verdict for the plaintiffs on the evidence presented. Alternatively, Sunrise claims that the district court committed reversible error in (1) excluding relevant evidence providing an alternate theory of causation, and (2) permitting the plaintiffs' counsel to make improper and inflammatory remarks during closing arguments.

A.

We review the district court's denial of Sunrise's motion for judgment as a matter of law de novo, considering the evidence in the light most favorable to Santos and Bridgeforth as nonmovants. Star Fin. Servs., Inc. v. Aastar Mortgage Corp., 89 F.3d 5, 8 (1st Cir. 1996). In so doing, we do not "consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Id. (quoting Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987)). We reverse "only if the facts and inferences point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have reached a verdict against that party." Id. (quoting Golden Rule Ins. Co. v. Atallah, 45 F.3d 512, 516 (1st Cir. 1995)(internal quotation omitted)).

-4-

Sunrise contends first that the plaintiffs failed to establish a causal connection between any purported design defect and their injuries. Sunrise identifies numerous evidentiary weaknesses in the plaintiffs' case on causation, including the absence of eyewitness testimony that the base of the lift actually closed; a contemporaneous report based on the plaintiffs' account of the accident that does not state that the base closed; and some unexplained events at the time the lift tipped (such as screws or metal pieces hitting the floor and the handle of the lift becoming detached). Sunrise also questions the utility of Montefusco's testimony, characterizing the testimony as too speculative. It notes that Montefusco never conducted an accident reconstruction nor determined the amount of force necessary to tip the lift. Sunrise downplays Montefusco's testimony that the alleged design defect caused the accident as "an out of context answer on cross-examination."

In denying Sunrise's renewed motion for judgment as a matter of law, the district court found that "[t]he testimony adequately conveyed that the base of the lift 'closed up,' causing the instability and the accident. The expert testimony adequately tied the 'closing up' to a simple design defect. While the evidence was not overwhelming, it was sufficient." We agree.

Taking the evidence in the light most favorable to the verdict, a reasonable jury could have credited Santos' testimony

that the base of the lift was not open to its widest position because of the configuration of the beds in the patient's room; that upon securing the patient in the harness and lifting her, Santos began to pull the lift out from under the bed and turn the lift slightly to adjust the base to its widest position; that when Santos attempted to widen the lift, it "closed" and "started tipping"; and that the plaintiffs were injured in attempting to keep the patient from falling.

The jury could have also credited Montefusco's testimony that the pin and the engaging mechanism that were designed to keep the adjustable base of the lift in a locked position could get "hung up," or fail to engage; that moving the lift while this mechanism was disengaged and the lift was loaded could cause the pin to slide into the narrowest setting; that the lift was likely to tip if the base was in its narrowest setting; that slight alterations to the shape of the pin and the engaging mechanism would have allowed the pin to catch on the next setting, instead of slipping into the narrowest setting; that a slight lengthening of the pin would have kept the pin from becoming disengaged; and that, as Montefusco testified on cross-examination, the accident was caused by this design problem.

On appeal, Sunrise attacks the credibility, weight, and value of the plaintiffs' evidence of causation. But it is not the province of this Court to reevaluate the evidence presented at

trial.  Star Financial Services, 89 F.3d at 8.  We determine only if the evidence was minimally sufficient to support the verdict.  Considering the evidence as a whole and in the light most favorable to the plaintiffs, we conclude that a reasonable jury could have found that a design defect in the lift caused the accident that injured Santos and Bridgeforth.

Sunrise also contends that the plaintiffs failed to demonstrate that the lift had been properly maintained in the six years following its manufacture.  Implicit in this argument is a misunderstanding of the evidentiary burden imposed on a plaintiff alleging a design defect under Massachusetts law.  See Smith v. Ariens Co., 375 Mass. 620, 626 (1978).  In such cases, a plaintiff need only show that the defect existed when it left the control of the manufacturer.  Id. ("No negating of the possibility of mishandling by intermediaries is necessary.").

At trial, Montefusco testified that, based on his review of the lift's manuals and parts list, the lift arrived from Sunrise in three pieces, but the base of the lift (which included the locking mechanism) came fully assembled.  The jury also heard from the executive director of the nursing home where the accident occurred, who testified that he looked for maintenance records on the lift and, based on the few records he located, found no evidence of any changes made to the lift other than the replacement of a hydraulic pump.  This evidence, taken together, could have

supported an inference that the defect in the lift existed at the time it left Sunrise's control.  See, e.g. id. at 627 (finding reasonable inference that sharp metal protrusions on brakes of snowmobile were present when product left factory when testimony established that although snowmobile arrived partially assembled, brake clamps arrived riveted to handle bar); Collins v. Sears, Roebuck & Co., 31 Mass. App. Ct. 961, 962 (1992) (finding reasonable inference that a clothes dryer was in same condition at time of sale as it was at time of accident when jury heard no evidence that electrical system had been repaired after purchase).  As set forth above, no more is required to sustain a design defect claim under Massachusetts law.

B.

Sunrise contends that even if we reject its arguments for judgment as a matter of law, it is entitled to a new trial on the basis of an erroneous evidentiary ruling and improper closing argument by the plaintiffs' counsel.  We review the district court's evidentiary ruling for abuse of discretion, a standard that allows the court "considerable latitude in determining whether to admit or exclude evidence" under Rule 403 of the Federal Rules of Evidence.  Espeaignnette v. Gene Tierney Co., Inc., 43 F.3d 1, 5 (1st Cir. 1994).  "Only rarely -- and in extraordinarily compelling circumstances -- will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning

-8-

the relative weighing of probative value and unfair effect." <u>Id.</u>

Sunrise argues that the district court committed reversible error in excluding a January 2000 letter from the plaintiffs' counsel to the Occupational Safety and Health Administration ("OSHA"). In the letter, counsel requested an inspection of the nursing home where the plaintiffs worked "for the failure to maintain its Hoyer Lifts resulting in personal injury to Karen Bridgeport [sic] and Miriam Santos." Counsel also opined that "OSHA rules and regulations have been violated by the employer." During its cross-examination of Bridgeforth, Sunrise sought to introduce the letter as an admission of the plaintiffs that the cause of the occurrence was lack of maintenance of the lift, rather than any design defect. Sunrise alleges that the letter was a critically important admission as to an alternative theory of causation.

We find that the district court acted within its discretion in excluding the letter to OSHA. Contrary to Sunrise's assertions on appeal, the district court explained the bases for its ruling. The court stated that the letter was cumulative of testimony of an accident report and a complaint made by Santos, and that it would open up an area of potential confusion for the jury, namely OSHA's investigation and findings with respect to the lift. The district court also found the letter cumulative, confusing, and perhaps unfairly prejudicial to the extent that it was a statement

by counsel, but not necessarily by the plaintiffs.

Sunrise argued below that counsel was acting as the plaintiffs' agent when the letter was sent, and alluded to case law supporting the letter's admission. The court invited Sunrise to identify the authority to which it was referring, but ruled that in the meantime, Sunrise could ask Bridgeforth if she recognized the letter and question her about the source of the information contained therein if she did. When asked, Bridgeforth stated that she had never seen the letter before, and it was not admitted. Sunrise did not raise the issue again until its motion for new trial. Under these facts, we cannot say the admissibility ruling constituted reversible error.

Sunrise also contends that plaintiffs' counsel made three "inflammatory" statements during closing argument that caused prejudicial error. First, counsel argued that a small object on the floor could have obstructed the casters on the base and caused instability. According to Sunrise, this argument had no basis in fact, and was an improper reference to the failure-to-warn theory of liability, which was foreclosed by the district court's earlier disposition of the failure-to-warn claims. But Sunrise did not object to this line of argument. Thus we review it only for plain error. Smith v. Kmart Corp., 177 F.3d 19, 25-26 (1st Cir. 1999). We ask whether this constituted a plain error affecting substantial rights, and, if so, whether review is necessary to avoid a

-10-

miscarriage of justice.  Id. at 26 ("Plain error is a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault envisioned by the standard set forth above." (internal quotation omitted)).  Here, counsel's reference to a possible obstruction had some basis in the record, including testimony that pieces of metal, possibly screws, were found on the floor after the accident.  Further, counsel did not suggest a failure to warn by Sunrise; to the contrary, counsel noted that a training videotape that accompanied the lift in fact warned against rolling the lift over an obstruction.  We find no error, plain or otherwise.

Second, Sunrise alleges that counsel made references to the removability of the handle of the lift that were improper in light of a pretrial ruling that certain evidence relating to the handle would not be admitted because of an untimely expert disclosure.  But Sunrise's only objection came after counsel's statement that the handle had been altered.  The district court sustained the objection and instructed the jury to disregard this remark.  Sunrise did not object when counsel argued that the handle was designed to be removed when transporting the lift.  We therefore ask whether this portion of the closing argument was plainly erroneous.  See id.  Even if we assume arguendo that counsel should not have referred to the handle, Sunrise has demonstrated no prejudice to its substantial rights.

-11-

Finally, according to Sunrise, counsel improperly referred to a duty to test the lift that Sunrise failed to meet. In discussing the locking mechanism of the base, counsel stated "They didn't test it under a dynamic load I submit," and Sunrise objected. The court asked counsel about the purpose of this argument and whether he was going to talk about testing. Counsel stated that he was not going to talk about testing, and the court instructed him to move on. Counsel then turned to the subject of the manufacturer's obligation to foresee the way the product would be used. We assume without deciding that Sunrise's objection was sufficient to preserve the issue for review. But Sunrise bears a heavy burden on appeal -- it must show that the district court abused its discretion in denying Sunrise's motion for new trial based on counsel's comment, and that prejudice has resulted. Puerto Rico Aqueduct & Sewer Auth. v. Constructora Lluch, Inc., 169 F.3d 68, 81-82 (1st Cir. 1999). Considering the isolated nature of the statement, its irrelevance to the core issues considered by the jury, and the prompt limitation of the line of argument by the district court, we find no error. Id. at 82 ("In assessing the effect of improper conduct by counsel, the Court must examine the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the

verdict itself.").

**III.**

For the foregoing reasons, we affirm the district court's denial of Sunrise's motions for judgment as a matter of law and new trial.

So ordered.