# United States Court of Appeals
## For the First Circuit

No. 02-2722

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS COLÓN OSORIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Linda Backiel for appellant.
Guillermo Villarmarzo, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Sonia I. Torres-Pabón, Assistant United States Attorney, were on brief, for appellee.

March 3, 2004

**HOWARD**, **Circuit Judge.** On June 28, 2000, defendant-appellant Luis Colón Osorio was arrested after Puerto Rico police officers investigating a drug purchase by a passenger in Colón's vehicle discovered that Colón was armed and carrying, inter alia, an explosive device. In due course, a jury convicted Colón of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), with an obliterated serial number, see 18 U.S.C. § 922(k), and carrying an explosive during his felonious possession offenses, see 18 U.S.C. §§ 844(h)(2), (j), and 232(5). The convictions resulted in concurrent 24-month sentences on the two possession counts and a consecutive 120-month sentence on the carrying charge.

Colón presents six arguments in favor of reversal or, alternatively, vacatur of his convictions. Colón first contends that the district court abused its discretion, see United States v. DeJesus, 211 F.3d 153, 155-56 (1st Cir. 2000), in denying as "untimely" his motion for funds (Colón is indigent) to secure an expert's assistance in investigating whether he was carrying an "explosive." The relevant facts are as follows.

A federal grand jury indicted Colón on the charges of which he was convicted on August 23, 2001. Between the date of the indictment and April 1, 2002, the only issues actively litigated were Colón's competency and entitlement to bail, although the government did file the curriculum vitae of explosives expert

Richard J. Campbell on October 24, 2001. Ultimately, Colón was ordered detained and found, by order dated April 1, competent to stand trial. On April 3, Colón moved to continue the trial, which was then scheduled to begin on April 11. The district court granted the motion, setting a new trial date of May 16.

On April 24, Colón filed his motion for funds to hire an expert. Two days later, before the government responded, the district court denied it as "untimely" by margin order. The record reveals no pretrial order or rule specifically requiring that the motion be filed prior to April 24. When the matter was raised at trial, the court clarified that it had denied the motion because it "would obviously [have been] followed by a request for a continuance" to obtain an expert report. The court might have added, but did not, that the government's intention of relying on an expert to prove that the device was an explosive should have been known no later than October 24, 2001, when the government made its submission regarding its explosives expert.

While Colón's motion was filed later than it might have been, we are troubled that it was denied solely on the ground that a contrary ruling would necessitate a second continuance of the trial. After all, a 10-year mandatory prison sentence was at stake, see 18 U.S.C. § 844(h)(2); Colón was in prison awaiting trial and thus posed no threat to the public; the motion was filed more than three weeks prior to the day trial was scheduled to

begin; and the record contains no evidence from which to infer that the government would have been prejudiced by any continuance that would have followed the granting of the motion. Under the circumstances, the rationale provided for the denial of the motion strikes us as being close to, if not beyond, the limits of the court's discretion.

Nonetheless, despite our misgivings about the slender rationale for denying the motion, we will not vacate the judgment of conviction on the carrying charge because our independent review of the record convinces us that any error was harmless. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); United States v. Meserve, 271 F.3d 314, 327 (1st Cir. 2001) (noting appellate court's power to affirm challenged judgments on any ground apparent in the record). Colón's defense theory was that law enforcement agents planted the firearm and the explosive device that led to the charges against him because they were out to get him for ulterior motives. He did not make any effort to contradict the evidence about the contents of the device. And the uncontradicted evidence about those contents compels the conclusion that the device constituted an "explosive" within the meaning of 18 U.S.C. § 844(h)(2).

The device consisted of two cylinders containing 5.95 and 5.7 grams of a gray powder. The cylinders were bound together,

encrusted with 3/4-inch metal nails, and fitted with an ignitable fuse. Laboratory tests showed the gray powder to be a mixture of potassium perchlorate (an oxidizing agent) and aluminum (a fuel). This mixture is commonly known as "flash powder." Flash powder is an "explosive" subject to commercial regulation by the Bureau of Alcohol, Tobacco, and Firearms. See 27 C.F.R. § 555.11 (2003) (defining "flash powder" as "[a]n explosive material intended to produce an audible report and a flash of light when ignited which includes but is not limited to oxidizers such as potassium chlorate or potassium perchlorate, and fuels such as sulfur or aluminum powder").

The trial evidence thus established that the device Colón was carrying contained both an "explosive" powder and the means for igniting it. Colón did not seek expert assistance (from a chemist, for example) to attack these foundational facts; he sought assistance so that his attorney might better understand whether and how the device might operate. But the government was not required to prove the device's operational capacity to a certainty; some possibility of explosion is sufficient under the statute. See 18 U.S.C. § 844(j) ("For the purposes of subsection[] . . . (h), . . . 'explosive' means . . . any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by

percussion, or by detonation of the compound, mixture, or device or any part thereof <u>may</u> cause an explosion.") (emphasis supplied). We therefore see no likelihood that Colón was harmed by the denial of his motion.

Colón next argues that there was insufficient evidence for the jury to have made the elemental determination that he was a convicted felon on the day he was arrested with the firearm and explosive device. Colón derives this argument from the fact that, at trial, the government only introduced evidence (in the form of a certified judgment) that he had been convicted in 1993 in the District of Connecticut for failing to appear for a criminal trial, in violation of 18 U.S.C. § 3146(a)(1). Colón points out, correctly, that § 3146(a)(1) contains both felony and misdemeanor provisions, and argues that one cannot tell from the face of the judgment whether his prior conviction was a felony or misdemeanor. The government responds that one <u>can</u> tell that Colón's prior conviction was a felony because the judgment shows that Colón was sentenced to three years of supervised release, a term that may be imposed only in connection with a felony conviction. <u>See</u> 18 U.S.C. § 3583(b).

The government is surely correct when it says that the certified judgment was sufficient to support an inference that Colón was a convicted felon on the day of his arrest. But that is not really the problem about which Colón is complaining. While a

-6-

jury could have drawn the inference _if_ it had been informed that a three-year supervised release term may be imposed only in connection with a felony conviction, Colón's jury was _not_ so informed. This is the thrust of Colón's somewhat misframed "sufficiency" argument. And it is a point to which the government has made no response.

Nevertheless, as with the previous issue, we believe that the record adequately supports the judgments of conviction against this attack. _See_ _Meserve_, 271 F.3d at 327. For the reasons we have just stated, Colón's argument is better understood not as a sufficiency challenge, but as an argument that the instructions (which merely directed the jury to determine whether Colón was a felon based on the trial evidence) did not adequately explain to the jury how it might infer from the trial evidence that Colón was a felon on the day he was apprehended with the firearm and explosive device. Where, as here, there was no relevant objection to the jury instructions, an argument of this sort can prevail only when it meets the demanding "plain error" test of Fed. R. Crim. P. 52(b) -- that the error be "clear" or "obvious," that it affect substantial rights, and that it seriously affect the fairness, integrity or public reputation of judicial proceedings. _See_ _United States_ v. _Olano_, 507 U.S. 725, 732 (1993). In this case, the plain error standard clearly is not met because Colón has failed to present us with a plausible argument that his 1993 conviction under

18 U.S.C. § 3126(a)(1) was for anything other than a felony. We will not notice an instructional error under Rule 52(b) where there is overwhelming evidence that the jury still would have convicted absent the error. See Johnson v. United States, 520 U.S. 461, 469-70 (1997).

Colón also complains that the district court abused its discretion in denying as "untimely" a "supplemental" motion to suppress that he filed on April 24, 2002, the same day Colón filed his motion for funds to hire an expert. Colón's motion was "supplemental" because he had earlier filed a suppression motion that was denied on the ground that Colón claimed no possessory interest in the firearm and explosive device. (Recall that his defense theory was that the weapons had been planted by law enforcement agents out to get him for ulterior motives.) Colón's "supplemental" motion, which was not accompanied by a supporting affidavit, failed to address the district court's conclusion that suppression was inappropriate in light of Colón's defense theory. So too does his appellate argument. We therefore will leave the court's ruling undisturbed. That said, we here again must note our doubts that the court acted within its discretion in denying the motion on timeliness grounds. As with the motion for expert funds, the supplemental suppression motion was filed more than three weeks prior to the day trial was to begin and was not beyond the date

-8-

established by any scheduling order or procedural rule. The court should have addressed its merits.

Colón next complains that the government was permitted to present "expert" testimony from Rafael Uribe that the firearm had moved in interstate commerce and was originally black in color (apparently, at trial, most of the black paint had been removed and the gun looked metallic) even though Uribe was not noticed as a government expert in accordance with Fed. R. Crim. P. 16(a)(1)(G). The line between expert testimony under Fed. R. Evid. 702 (which is subject to the disclosure requirements of Rule 16(a)(1)(G)) and lay opinion testimony under Fed. R. Evid. 701 (which is not subject to Rule 16(a)(1)(G)) is not easy to draw and is not a matter on which we wish to elaborate without more substantial briefing. Suffice it to say that the only truly germane opinion that Uribe stated -- that the firearm was manufactured outside of Puerto Rico and thus must have moved in interstate commerce -- was properly regarded as lay opinion testimony because it was based on information gleaned from Uribe's personal experience (Uribe had personally visited the Massachusetts plant at which the gun was manufactured) and was arrived at "from a process of reasoning familiar in everyday life." Fed. R. Evid. 701 advisory committee's notes on the 2000 amendments (citation and internal quotation marks omitted). And in any event, even if it were not, Colón has not demonstrated that he was prejudiced by the admission of this testimony.

Colón's remaining two arguments require no more than a few words in response. Colón contends that, after United States v. Lopez, 514 U.S. 549 (1995), mere evidence that the firearm crossed state lines prior to the alleged offense conduct is insufficient to meet 18 U.S.C. § 922(g)(1)'s "in or affecting commerce" requirement. A prior panel has rejected this argument, see United States v. Joost, 133 F.3d 125, 131 (1st Cir. 1998), so we are not free to revisit the issue, see United States v. Mayes, 332 F.3d 34, 36 (1st Cir. 2003). Colón also challenges the district court's decision to admit testimony that Colón was in possession of drugs at the time of his arrest and that Colón had a history of drug use. But much of this evidence was admitted without objection and, in any event, strikes us as extremely unlikely to have affected the jury's rejection of Colón's defense theory -- that the firearm and explosive device were planted on him. Thus, even if we thought that the district court erred in admitting some or all of this evidence, we would not vacate the judgments of conviction on this basis. See Fed. R. Crim. P. 52(a).

**Affirmed**.