Not for Publication in West's Federal Reporter

Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 03-2057

UNITED STATES OF AMERICA,

Appellee,

v.

CHARLES A. GRAVENHORST, a/k/a Justin Foxe, a/k/a Andrew
Graf, a/k/a agraf603, a/k/a justinnh, a/k/a justinnh2001,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,

and Stearns,* District Judge.

Christopher R. Goddu for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D.
Silsby, United States Attorney, was on brief, for appellee.

July 3, 2006

*Of the District of Massachusetts, sitting by designation.

**Per Curiam**.  Defendant Charles Gravenhorst was convicted in March 2003 of four counts of using a computer in interstate commerce to induce a minor to engage in illegal sex acts, see 18 U.S.C. § 2422(b); six counts of using a computer in interstate commerce to transfer obscene matter to a minor, see 18 U.S.C. § 1470; and one count of using an interactive computer service for carriage of obscene material in interstate commerce, see 18 U.S.C. § 1462.  In July 2003, the district court ordered Gravenhorst to be imprisoned for 10 concurrent terms of 96 months and one concurrent term of 60 months.  We subsequently affirmed his convictions on direct appeal.  See United States v. Gravenhorst, 377 F.3d 49 (1st Cir. 2004) (per curiam).

In May 2005, the Supreme Court vacated this court's judgment and remanded the case "for further consideration in light of United States v. Booker."  Gravenhorst v. United States, 544 U.S. 1029 (2005).  We subsequently ordered supplemental briefing.  We also permitted Gravenhorst to file a counseled, oversized brief as well as a pro se brief.  In these briefs, Gravenhorst raised several challenges to his convictions and sentence that are beyond the scope of the Supreme Court's remand order.  While not required to address these issues, we may do so in our discretion.  See United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005).  Despite the fact that some of these arguments were previously waived by not being timely raised on appeal, given that we have complete

-2-

briefing, we exercise the discretion to consider most of these newly argued issues, although we ultimately conclude that they are without merit and that Gravenhorst is not entitled to resentencing under <u>Booker</u>.[1]

The parties are familiar with the record of the case. Since we are writing primarily for them, we do not provide a narrative summary of the evidence. We will address in turn each of the assigned errors and refer to the evidence where necessary to explain the disposition.

**1. The government did not present sufficient evidence of a violation of § 2422(b) because there was no evidence that Gravenhorst took a substantial step toward committing the substantive offense.**

Conviction for a violation of 18 U.S.C. § 2422(b) requires the government to show that the defendant attempted to (1) use a facility of interstate commerce (2) to knowingly persuade, induce, entice, or coerce (3) an individual under the age of 18 (4) to engage in illegal sexual activity. <u>See</u> <u>United States</u> v. <u>Munro</u>,

---

[1]We decline, however, to exercise discretionary authority to consider Gravenhorst's argument that the obscenity convictions must be overturned on the ground that the images are not obscene as a matter of law. The record for this claim is incomplete as the images are not before us, and we are therefore without adequate information to rule at this time. Also, we decline to consider Gravenhorst's claim that trial counsel was ineffective for waiving a sentencing argument. <u>Infra</u> at 8-9. As to this claim, there is insufficient factual development, and we therefore see no reason to deviate from our normal practice of requiring ineffective assistance of counsel claims to be pursued through a collateral proceeding under 18 U.S.C. § 2255. <u>See</u> <u>United States</u> v. <u>Reyes</u>, 352 F.3d 511, 517 (1st Cir. 2003).

394 F.3d 865, 869 (10th Cir. 2005). Gravenhorst argues that the government did not present sufficient evidence from which a jury could conclude that he took a substantial step toward committing a § 2422(b) violation. He preserved this argument below, and therefore we review it de novo, after analyzing the evidence in the light most favorable to the verdict. United States v. Byrne, 435 F.3d 16, 22 (1st Cir. 2006).[2]

To prove attempt, the government must establish both an intent to commit the substantive offense and a substantial step toward its commission. See United States v. Burgos, 254 F.3d 1, 12 (1st Cir. 2001). A substantial step is something more than preparation but something less than the last act necessary to commit the crime itself. See United States v. LiCausi, 167 F.3d 36, 47 (1st Cir. 1999). "[O]ur caselaw shows, [however], that the defendant does not have to get very far along the line toward

---

[2]We have also considered Gravenhorst's two pro se arguments challenging the indictment as it pertains to the § 2422(b) violations. First, Gravenhorst claims that the indictment charges a "non-offense" because it does not allege that he engaged in a completed sex act or received consent from one of the young women to have sex. We reject this argument. The indictment sets forth the elements of the offense, including the allegation that Gravenhorst used the internet to induce an underage person to engage in illegal sexual activity. This is all that is required. See United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993). There is also no merit to Gravenhorst's argument that the indictment did not adequately charge attempt under § 2422(b). The lesser included offense of attempt need not be included in the indictment where the indictment adequately pleads the substantive offense. See United States v. Feinberg, 89 F.3d 333, 339 (7th Cir. 1996).

ultimate commission of the object crime in order to commit the attempt offense."  See United States v. Doyon, 194 F.3d 207, 211 (1st Cir. 1999).

The evidence establishes that Gravenhorst sent each young woman a sexually explicit message and asked each to meet him to engage in sexual activity.  If anyone had agreed to Gravenhorst's proposition, all that remained was working out the details of where and when to meet.  "The main purpose of the substantial step requirement is to distinguish between those who express criminal aims without doing much to act on them and others who have proved themselves dangerous by taking a substantial step down a path of conduct reasonably calculated to end in the substantive offense." Id. (internal citation omitted).  A jury could reasonably conclude that, once Gravenhorst moved from sending email messages referring generally to sexual matters to asking young women to meet him to engage in sexual activity, he engaged in a substantial step toward inducing the women to engage in illegal sexual conduct.[3]

### 2.    The obscenity convictions under 18 U.S.C. § 1470 & 18 U.S.C. 1462 should be dismissed because these

---

[3]Gravenhorst also raises two challenges to the jury instructions concerning the substantive § 2422(b) charges.  He claims that the court should have instructed that a substantive violation of § 2422(b) requires proof of a completed sexual act or an agreement to engage in sexual activity.  Neither objection was raised below, and we therefore review for plain error.  See United States v. Mendina-Martinez, 396 F.3d 1, 8 (1st Cir. 2004).  Since § 2422(b) criminalizes attempts, a substantive violation clearly does not require a completed sexual act.

-5-

**statutes are unconstitutional after <u>Lawrence</u> v. <u>Texas</u>, 539 U.S. 558 (2003).**

Gravenhorst argues that the Supreme Court's decision striking down an anti-sodomy law under the due process clause in <u>Lawrence</u> renders obscenity laws unconstitutional. He contends that <u>Lawrence</u> made unconstitutional any law that mandates a society's own moral code. This argument was not raised below, and therefore we review only for plain error. It suffices to say that other circuits have concluded that obscenity laws survive <u>Lawrence</u>, <u>see</u> <u>United States</u> v. <u>Coil</u>, 442 F.3d 912, 915-16 (5th Cir. 2006); <u>United States</u> v. <u>Extreme Assocs.</u>, 432 F.3d 150, 155-59 (3d Cir. 2005) and that no court has reached a contrary conclusion. Therefore, the statutes are not plainly unconstitutional.

**3.    The district court abused its discretion by permitting the introduction of prior bad act evidence.**

Gravenhorst contends that the district court abused its discretion by permitting evidence that he had visited one of the women to whom he sent sexually explicit images, Heidi K., and attempted to have sexual relations with her. Heidi K. was 16 years old at the time that Gravenhorst visited her, and therefore she was of legal age to have sexual intercourse under Maine law. Since intercourse with Heidi K. would not have been a crime under § 2422(b), Gravenhorst claims that this evidence was irrelevant and should have been excluded.

The district court concluded that this "other wrongful act" evidence was admissible because it showed Gravenhorst's intent in sending sexually explicit images to young women to convince them to have sexual relations with him. We review this ruling for an abuse of discretion. See United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006).

Federal Rule of Evidence 404(b) permits admission of evidence of other wrongful conduct to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." For evidence to be admissible under Rule 404(b), the evidence must have some special relevance other than the defendant's propensity to commit a crime and must meet the standards set forth Federal Rule of Evidence 403(b). See United States v. Decicco, 370 F.3d 206, 211 (1st Cir. 2004).

The district court acted within its discretion by admitting this evidence. Gravenhorst sent the same explicit messages to Heidi K. as he did to the other women. That Gravenhorst acted upon his email propositions to Heidi K. was evidence of his intent in sending emails to the other women. See Landrau-Lopez, 444 F.3d at 24 ("The other bad act need not be identical to the crime charged so long as it is sufficiently similar to allow a juror to draw a reasonable inference probative of . . . intent."). Thus, the evidence had "special relevance" under Rule 404(b).

We also do not find an abuse of discretion in the district court's Rule 403 determination.  While this evidence may have harmed Gravenhorst's case, it did not do so unfairly.  See United States v. Candelaria-Silva, 162 F.3d 698, 705 (1st Cir. 1998).  The evidence was important in establishing Gravenhorst's motive for sending email messages to young women -- an essential element of the charged offense.

### 4.    Gravenhorst is entitled to resentencing under advisory guidelines.

Gravenhorst was sentenced under the mandatory guideline regime which the Supreme Court declared unconstitutional in United States v. Booker, 543 U.S. 220 (2005).  He acknowledges that he did not argue to the district court that the guidelines were unconstitutional.  Therefore our review is for plain error.  See United States v. Antonakopoulos, 399 F.3d 68, 80-82 (1st Cir. 2005).  Under this standard, a defendant must show "either in the existing record or by plausible proffer that there is a reasonable indication that the district judge might well have reached a different result under advisory guidelines."  United States v. Jones, 432 F.3d 34, 45 (1st Cir. 2005) (internal citations omitted).

Gravenhorst does not present an argument that he would have presented additional facts to the district court, or that the court indicated that it would be inclined to impose a more lenient sentence if not bound by the guidelines.  Rather, he contends that

-8-

the case should be remanded for resentencing because the court committed a legal error in calculating the guidelines sentencing range by erroneously applying a cross-reference.

We have recognized that a substantive error in the application of the guidelines will normally lead to a <u>Booker</u> remand. <u>See</u> <u>Antonakopoulos</u>, 399 F.3d at 81. Here, however, Gravenhorst affirmatively waived the guidelines argument that he now seeks to make and stipulated to the sentencing range before the district court.[4] <u>See</u> <u>United States</u> v. <u>Serrano-Beauvaix</u>, 400 F.3d 50, 55 (1st Cir. 2005) (declining to consider <u>Booker</u> remand argument based on claimed sentencing error, where the defendant waived the argument in his plea agreement). Moreover, Gravenhorst admits that, even if his sentencing argument were correct, the sentencing range would be unaffected. In these circumstances, we do not foresee any reasonable probability that Gravenhorst would receive a more lenient sentence on remand.

**<u>Affirmed</u>**.

---

[4]Gravenhorst also argues that his trial counsel provided ineffective assistance of counsel by waiving his sentencing argument.