**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2469

PETER MASSMANIAN,

Plaintiff, Appellee,

v.

B. BROS. PACKAGING, INC. d/b/a FOX PACKAGING COMPANY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Howard, Circuit Judges.

Gael Mahony with whom Paul Killeen, Damon M. Seligson and Holland & Knight, LLP were on brief, for appellant.
Laura R. Studen with whom Lawrence P. Murray and Burns & Levinson, LLP were on brief, for appellee.

September 14, 2004

**HOWARD**, **Circuit Judge**.  B. Bros. Packaging, Inc., d/b/a Fox Packaging Co. ("Fox"), challenges a $300,000 judgment in favor of its former employee, Peter Massmanian.  After a seven-day trial, a jury found that Fox, a Minnesota-based manufacturer of windshield washer fluid, used false promises to lure Massmanian away from a comfortable job with a Massachusetts competitor.  Fox alleges a failure of proof on critical elements of Massmanian's claim of deceit and an absence of damages under a theory of mitigation.  We affirm.

In reviewing the district court's denial of Fox's motion for judgment as a matter of law, we recite the relevant facts in the light most favorable to the jury verdict.  <u>Santos</u> v. <u>Sunrise Medical, Inc.</u>, 351 F.3d 587, 590 (1st Cir. 2003).  In 1997, Elliot Badzin, a co-owner of Fox, recruited Massmanian to oversee Fox's operations in Minnesota and California.  Massmanian testified that while negotiating his three-year employment contract with Fox, Badzin discussed the possibility of opening a Massachusetts manufacturing facility in a few years, and promised that Massmanian would have an ownership interest in such a venture.  Badzin declined to put his promise in writing, stating that it could create legal problems because Massmanian had a two-year non-compete agreement with his former employer in Massachusetts.  Massmanian's employment contract with Fox contemplated that his severance

package and bonus would be eliminated "[w]hen and if the parties agree upon a plan for [Massmanian] to acquire stock" in Fox.

Massmanian worked for Fox a few years, ultimately overseeing the operations of the Massachusetts facility when it opened in September 1999. Massmanian repeatedly asked Badzin to follow through on his promise to make him a partner in the Massachusetts venture. Massmanian testified that Badzin told him on numerous occasions that a partnership agreement would be forthcoming and that Massmanian would have a ten percent share. In January 2001, frustrated by Badzin's failure to proffer a partnership agreement, Massmanian resigned.

In March 2001, Massmanian brought suit in Middlesex Superior Court, alleging breach of contract and deceit. Fox removed the case to federal court on the basis of diversity. 28 U.S.C. §§ 1332, 1441. Following a seven-day trial, a jury concluded that there had been no enforceable contract between Massmanian and Fox, but that Fox had used intentional or reckless misrepresentations to induce Massmanian to become an employee. The jury awarded $300,000 to Massmanian. Fox appealed.

Fox contends that Massmanian failed to prove critical elements of his claim for deceit. We will not disturb the jury verdict unless "the facts and inferences point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have reached a verdict against that party." Santos, 351 F.3d

at 590. Our review is therefore weighted in favor of the jury's verdict.

Fox alleges a dearth of record evidence demonstrating an intention to mislead. Because the statement at issue here was promissory in nature, Massmanian bore the burden of proving that at the time the promise was made, Fox (acting through Badzin) did not intend to carry it out. See McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 709 (1990); Barrett Assoc., Inc. v. Aronson, 346 Mass. 150, 152 (1963). A promise made with an intent to follow through is not actionable in deceit, even if the promise ultimately goes unfulfilled. See Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997). Therefore, under Massachusetts law, mere nonperformance of a promise is not enough to prove a promisor's intent to deceive. Galotti v. United States Trust Co., 335 Mass. 496, 501 (1957) (citing Restatement (First) of Torts § 530 cmt. c (1938)); Zhang v. Massachusetts Institute of Tech., 46 Mass. App. Ct. 597, 605-06 (1999) (citing Restatement (Second) of Torts § 530 (1977)).

According to Fox, Massmanian's only evidence of Fox's intent to mislead was the fact that he never became a partner in the Massachusetts venture. We disagree. At trial, Badzin denied ever promising any equity interest to Massmanian. The jury apparently rejected this critical testimony when it found that Fox intentionally or recklessly made representations on which

-4-

Massmanian relied. The jury could have found that Badzin was not credible; this would have been a relevant consideration where Badzin's intention to follow through on his promise was at issue. On these facts, a reasonable jury could have found that Badzin never intended to make Massmanian a partner.

Fox also alleges that no reasonable jury could conclude that Massmanian reasonably relied on the promise of future partnership. It argues that such reliance would have been unreasonable because it was contradicted by the plain language of Massmanian's employment contract, which eliminated his severance benefits and bonus "[w]hen and if the parties agree upon a plan for [Massmanian] to acquire stock" in Fox. This language, Fox contends, "unambiguously states that the parties had reached no agreement regarding a stock ownership interest by Massmanian." We note the jury's agreement with this interpretation to the extent that it rejected Massmanian's claim for breach of contract. But we cannot conclude that language like this in an employment contract forecloses any claim that a future partnership was promised. Indeed the language suggests that the parties foresaw the possibility of future partnership, but that there had not yet been a meeting of the minds on the subject. We find no conflict between the written employment contract and the oral promise made to Massmanian that would have rendered his reliance unreasonable. Cf. Turner v. Johnson & Johnson, 809 F.2d 90, 97 (1st Cir. 1986)

(rejecting deceit claim where the alleged oral representation was flatly inconsistent with a contract provision specifically addressing the particular point at issue).

Fox further argues that any promise it made was too vague and indefinite to justify reasonable reliance because at the time Badzin was recruiting Massmanian, Badzin did not specify the size of the ownership interest Massmanian would receive. Indeed, Massmanian testified that no particular percentage was promised — he simply expected that the partnership would be "fair." We think the promise is comparable to that made in Hurwitz v. Bocian, 41 Mass. App. Ct. 365, 373 (1996), where the defendant claimed that an "unconfirmed oral promise that [the plaintiff] would some day have an opportunity to become a 'partner' . . . was not a promise on which a prudent person could reasonably rely." The Massachusetts Appeals Court found that although the promise was not made in a manner that satisfied the statute of frauds, the plaintiff presented sufficient evidence that a promise in fact had been made. Id. Fox attempts to distinguish this case on the ground that the promise in Hurwitz was one of equal partnership, thus the percentage of the promised share was known. But we think the jury could have found that Fox promised Massmanian an interest in the company, and that whether the share ultimately offered was one percent or ninety-nine percent, Massmanian could have reasonably

relied on the promise of some interest in agreeing to work for Fox.[1]

Fox's remaining argument is that Massmanian should not have recovered any damages because after he left his employment with Fox he secured a job and an equity interest in his new company worth far more than anything Badzin had ever promised him. Fox contends that the district court failed properly to instruct the jury on the issue of mitigation. But Fox did not object to the jury instructions as given, and we therefore review them only for plain error. See Estate of Keatinge v. Biddle, 316 F.3d 7, 16 (1st Cir. 2002). Under this unforgiving standard, the party claiming error must prove an error that is obvious, that likely affected the outcome, and that was so fundamental that it threatened the fairness, integrity or public reputation of the judicial proceedings. See id. (citing United States v. Olano, 507 U.S. 725,

---

[1]Fox also alleges that promises that Massmanian would receive a ten percent share in the Massachusetts venture, which allegedly were made around the time Massmanian's employment contract expired in 2000, were not actionable because Massmanian did not rely on them to his detriment. Massmanian had accepted a reduction in salary at the time — a change he contends was made as part of an agreement that he would receive a share in the business. Fox argues that because Massmanian had become an at-will employee, he was not entitled to any continued employment at all; therefore any decision to stay based on a promise of partnership could not have been to his detriment. Although we question whether this issue is necessary to our affirmance of the judgment on the basis of the representations made during Massmanian's recruitment, we think a reasonable jury could have found that these promises induced Massmanian to stay on at Fox and thereby refrain from exercising his right to leave the company.

735-36 (1993)); see also  United States v. Colon Osorio, 360 F.3d 48, 52 (1st Cir. 2004).

The instruction proposed by Fox essentially told the jury that if Massmanian, as a result of his departure from the company, got a job whose stock incentive plan proved to be very lucrative, then the damages from the deceitful promise should be automatically disregarded. Whatever the correct state of the law on the tricky issue of windfall gains made possible by a prior wrongful act, telling the jury that the wrongdoer automatically gets the benefit cannot be right.  The refusal to give the requested instruction was not error at all.  See United States v. David, 940 F.2d 722, 738 (1st Cir. 1991).  ("It is beyond peradventure that a trial court may refuse to give a proposed instruction which is incorrect, misleading, or incomplete in some material respect.")

**Affirmed.**