**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2122

SUN BLINDS, INC.,

Plaintiff, Appellee,

v.

S.A. RECASENS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,

DiClerico,[*] District Judge.

Roberto Boneta, with whom María Teresa Figueroa Colón and Muñoz Boneta Benítez Peral & Brugueras were on brief for appellant.
Juan A. López Conway with whom Luis F. Zayas Marxuach and García & Fernández Law Offices were on brief for appellees.

October 7, 2004

---

[*]Of the District of New Hampshire, sitting by designation.

**DICLERICO**, **District Judge**.    S.A. Recasens, a manufacturer of fabric located in Barcelona, Spain, appeals following a jury verdict in favor of Sun Blinds, Inc., on a claim brought under the Puerto Rico Dealership Act, Law 75 of June 24, 1964, Puerto Rico Laws Annotated, title 10 § 278, et seq. Recasens seeks judgment in its favor or a new trial.  We agree that Sun Blinds's claim should have been dismissed as a matter of law.

Sun Blinds was the exclusive distributor in Puerto Rico and the Caribbean Basin of awning fabric manufactured by Recasens. After Recasens terminated their distributorship agreement, Sun Blinds brought suit under Law 75, alleging that Recasens engaged in conduct that impaired their relationship and terminated their agreement without just cause.  Sun Blinds also alleged that Recasens sold it defective merchandise. Recasens brought a counterclaim, alleging that Sun Blinds breached their agreement by failing to pay outstanding balances.

The case was tried to a jury over the course of five days.  At the close of Sun Blinds's case, Recasens moved for judgment as a matter of law under Federal Rule of Civil Procedure 50.  The court granted the motion as to Sun Blinds's defective merchandise claim, ruling that Sun Blinds "did not establish a reasonable basis for the valuation of said damages and any jury award would have to be based on mere speculation."  The motion was otherwise denied.  After the court denied Recasens's request that

-2-

its sole witness, Kay Ludwig, be permitted to testify on the following Monday, when closing arguments and jury instructions were scheduled to be given, Recasens rested without presenting witnesses. The jury found that Recasens had just cause to terminate the distributorship relationship but found in favor of Sun Blinds on the impairment claim, awarding $71,577.50 in damages. On the counterclaim, the jury found that Sun Blinds owed Recasens $14,297.18 for unpaid balances.

Recasens renewed its motion under Rule 50, arguing that the evidence was insufficient to prove that any impairment caused damages or to prove the amount of the damages awarded. Recasens also argued that Law 75 does not apply to sales outside of Puerto Rico. At the same time, Recasens moved for a new trial, asserting that the district court erred in permitting the testimony of Sun Blinds's co-owner on damages and in giving a missing witness instruction with regard to Ludwig. Recasens did not prevail in the district court on these issues and raises them on appeal.

The denial of a Rule 50 motion is reviewed <u>de</u> <u>novo</u>. <u>Tapalian</u> v. <u>Tusino</u>, 377 F.3d 1, 5 (1st Cir. 2004). We review the evidence and draw reasonable inferences in favor of the nonmoving party, without considering the credibility of the witnesses, resolving conflicting testimony, or weighing the evidence. <u>Santos</u> v. <u>Sunrise Med., Inc.</u>, 351 F.3d 587, 590 (1st Cir. 2003). Nevertheless, "the plaintiff is not entitled to inferences based on

speculation and conjecture." Vázquez-Valentín v. Santiago-Díaz, 2004 WL 2106344, at *4 (1st Cir. Sept. 22, 2004). The district court's decision will be reversed only when the facts and inferences show that there is a total failure of evidence to prove an element of the plaintiff's case so that a reasonable jury could not have reached a verdict for the plaintiff. Id.; Santos, 351 F.3d at 590.

Law 75 protects dealers and distributors in Puerto Rico from arbitrary or inequitable practices by their principal after their business relationship is established. Caribe Indus. Sys., Inc. v. Nat'l Starch & Chem. Co., 212 F.3d 26, 29 (1st Cir. 2000). Specifically, Law 75 provides:

> Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration, except for just cause.[1]

10 P.R. Laws Ann. § 278a. Some actions by the principal, when proven, establish a rebuttable presumption of impairment: "whenever a principal bypasses a dealer by distributing merchandise directly; appoints additional dealers in contravention of the agreement;

---

[1]The phrase "act detrimental to," used in the English translation of § 278a, also means "impairment," and the terms are used interchangeably in cases involving Law 75. See Caribe, 212 F.3d at 29; Irvine v. Murad Skin Res. Labs., Inc., 194 F.3d 313, 318 n.2 (1st Cir. 1999); Goya de P.R., Inc. v. Rowland Coffee, 206 F. Supp. 2d 211, 217 (D.P.R. 2002).

fails to adequately fill orders; or arbitrarily changes the transportation and/or payment terms." Irvine, 194 F.3d at 318. If a plaintiff proves termination or impairment of the business relationship by the defendant, Law 75 provides a formula for indemnification but only "to the extent of the damages caused." 10 P.R. Laws Ann. § 278b. Sun Blinds bore the burden at trial of proving that Recasens's actions were detrimental to their business relationship and caused damages. See Irvine, 194 F.3d at 320.

Sun Blinds claimed that its distributorship was impaired when Recasens changed its credit terms in 1999, sold fabric in the Dominican Republic in violation of the exclusivity provision in their agreement, and provided defective fabric. Sun Blinds acknowledges that no evidence was presented during trial that any actions by Recasens caused specific losses or damages.[2] Instead, Sun Blinds argues that those actions breached Recasens's good faith obligation, which led to the termination of the agreement.

Sun Blinds contends that "[t]his is not strictly an impairment claim" because Recasens also terminated the agreement. The jury found, however, that just cause existed for Recasen's decision to terminate the agreement and denied Sun Blinds recovery under the termination claim. Sun Blinds cannot recover damages for

---

[2]The district court ruled that Sun Blinds was unable to prove damages caused by the allegedly defective fabric. The record includes no evidence of damages caused by the change in credit terms or by sales in the Dominican Republic.

termination under its impairment claim.[3]  Instead, Law 75 requires proof of specific damages caused by the alleged impairment, which, if proven, may be calculated using the formula provided in § 278b.

Sun Blinds argues, nevertheless, that Law 75 permits "indirect" proof of damages and should be read broadly to allow the damages claimed here.  The "indirect" language in Law 75 describes conduct by the principal that may cause impairment and does not pertain to proof of damages.  Further, "Law 75 specifically limits payment 'to the extent of the damages caused [the dealer/distributor].'"  Irvine, 194 F.3d at 319 (quoting § 278b).  "Therefore, in order to prevail, a Law 75 plaintiff must submit evidence of damages as part of its action."  Id. at 320.

To avoid judgment as a matter of law, Sun Blinds had the burden of introducing sufficient evidence at trial to make the existence of damages more likely than not.  Id. at 317.  A "mere scintilla" of evidence is not enough, nor may a plaintiff rely on conjecture or speculation to sustain its burden.  Id.  Sun Blinds failed to provide evidence of damages caused by Recasens's detrimental actions.  Therefore, the district court erred in denying Recasens's motion for judgment as a matter of law.  Because

_____

[3]Sun Blinds provided evidence of damages caused by the termination of the agreement through the testimony of Liz Ann Isgut, who owns Sun Blinds with her husband. Mrs. Isgut calculated the loss under § 278b by averaging the amount of the company's net profits attributable to sales of Recasens's fabric during past years and multiplying that amount by five.  The total amount she calculated was $71,575.50.  The jury awarded $71,577.50.

this issue is dispositive, we need not consider the other grounds Recasens raises on appeal.

For the foregoing reasons, the judgment in favor of Sun Blinds is **<u>vacated</u>** and the matter **<u>remanded</u>**.  On remand, the district court is directed to enter judgment as a matter of law in favor of Recasens on the impairment claim brought by Sun Blinds.  The parties shall bear their own costs.